■ In the Matter of JEFFREY TAYLOR, Appellant, v TASHA FRY, Respondent. (And Two Other Related Proceedings.) [849 NYS2d 724]—

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered January 6, 2006, which, among other things, granted respondent's application, in three proceedings pursuant to Family Ct Act articles 6 and 8, for custody of the parties' child.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child born in 2004. Following cross petitions seeking custody and visitation and a family offense petition filed by the mother against the father, the parties stipulated that custody would be with the mother and a fact-finding hearing ensued in January 2006 on the issues of visitation and the alleged family offense. Thereafter, Family Court awarded sole custody of the child to the mother and supervised visitation to the father, under the direct supervision of the maternal grandmother, and found that the father had committed a family offense justifying the issuance of an order of protection. The father appeals, challenging only Family Court's finding that supervised visitation was necessary and that the supervision be by the maternal grandmother, rather than the father's sister.

We affirm. The determination of whether visitation should be supervised is a matter "left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (*Matter of Roe v Roe*, 33 AD3d 1152, 1155 [2006]; *see Matter of Custer v Slater*, 2 AD3d 1227, 1228 [2003]). On appeal, the father does not challenge Family Court's finding that he is guilty of a family offense involving harassing acts toward the mother or the propriety of the resulting order of protection against him. Further, upon our review of the record, we find ample evidence to support Family Court's findings that the father was guilty of past acts of domestic violence against the mother, that he has two prior convictions involving domestic violence against the mother of his other child and that he failed to cooperate with previous efforts by the local family and children's agency to schedule supervised visitation up until the point that visitation was terminated and, thus, that it is in the child's best interests that visitation be supervised (*see Matter of Custer v Slater*, 2 AD3d at 1228; *Matter of Simpson v Simrell*, 296 AD2d 621, 621-622 [2002]; *Matter of Kryvanis v Kruty*, 288 AD2d 771, 772 [2001]).

Likewise, we discern no abuse of discretion in Family Court's decision to select the maternal grandmother to provide supervision for visitation instead of the father's sister. Although the court found both women would be suitable choices, it based its decision on record evidence that the family obligations of the father's sister left her less available to supervise visitation on a routine basis and, therefore, the maternal grandmother—who expressed unqualified willingness to supervise visitation—would be the better choice to further the best interests of the child (*cf. Matter of Anaya v Hundley*, 12 AD3d 594, 595 [2004]). In rendering its decision, the court also noted the maternal grandmother's willingness to allow the father's sister to participate in the visitation thereby permitting her the opportunity to establish a relationship with the child. The father's protestation that it would be easier for his sister to supervise visitation because her home is closer is an insufficient basis upon which to overturn Family Court's discretionary determination. Significantly, he has not alleged facts which would support the conclusion that the location of the visitation would—as opposed to being a mere inconvenience—result in such hardship as it would preclude him from visiting the child (*cf. Matter of Stewart v Stewart*, 222 AD2d 895, 896 [1995]).

Cardona, P.J., Carpinello, Kane and Malone, JJ., concur. Ordered that the order is affirmed, without costs.