■ In the Matter of JEFFREY TAYLOR, Appellant, v TASHA FRY, Respondent. (And Two Other Related Proceedings.) [880 NYS2d 721]—

Spain, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 6, 2008, which, among other things, dismissed petitioner's application, in three proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.

The parties are the parents of a child born in 2004. In a consent order entered in March 2007, respondent (hereinafter the mother) was continued as the sole custodial parent of the child and petitioner (hereinafter the father) was granted supervised visitation for a six-month period and then reasonable unsupervised visitation "as the parties may agree." No appeal was taken from that order.* In a December 2007 petition, the father sought a modification of the March 2007 visitation order alleging that he had been denied unsupervised visitation by the mother and, in a second petition, that the mother had also denied him supervised visitation. Thereafter, the mother filed a modification petition seeking the continuation of supervised visitation.

After a full hearing, Family Court found that the mother had "unreasonably precluded" the father from supervised visitation with the child, but declined to find a willful violation. The court directed that the mother no longer interfere with "frequent and regular" visitation between the father and the child, and that supervised visitation should continue, specifying five hours on alternate Saturdays under the supervision of the child's maternal grandmother. The court's order also provided the direction that visitation may be unsupervised or overseen by different supervisors and at different periods of time, as the parties can agree. The father has appealed asserting that (1) Family Court erred in denying his request for a specific schedule of visitation at his aunt's home and in not setting a date certain for unsupervised visits to begin and (2) the mother should have been sanctioned for her obstructive behavior.

As with custody, an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child (see *Dwyer v De La Torre*, 260 AD2d 773, 773-774 [1999]; *Matter of Reese v Jones*, 249 AD2d 676, 677 [1998]). In situations where a parent "is either unable

---

* This Court had previously affirmed a 2006 Family Court order of custody and indefinite supervised visitation (*Matter of Taylor v Fry*, 47 AD3d 1130 [2008]).

or unwilling to discharge his or her parental responsibility properly" (*Matter of Kathleen OO.*, 232 AD2d 784, 786 [1996]), unsupervised visitation may be deemed detrimental to the child's safety (*see Tait v Tait*, 44 AD3d 1142, 1143 [2007]; *Matter of Kathleen OO.*, 232 AD2d at 786). Here, there is record testimony that since the March 2007 order, the father, who sustained a brain injury in 2000 and also suffers from a back injury, has had lapses of memory, has fallen asleep while visiting with the child apparently due to his medication and, on more than one occasion, left the toddler alone without advising the person supervising his visitation that he was leaving the child unattended. The father testified and, with few exceptions, denied these allegations.

According deference, as we must, to Family Court's credibility determinations (*see Matter of Larry v O'Neill*, 307 AD2d 410, 411 [2003]), we find ample proof in the record for Family Court's conclusion that the father's ability to properly care for the child is diminished by his ailments, his medication and his lack of attentiveness. In light of this evidence, there is a sound and substantial basis for Family Court's decision to continue supervised visitation. Likewise, there is more than ample evidence in the record to support the court's decision to continue the supervision of the father's visits with the maternal grandmother, unless the parties can agree to an alternate person. The grandmother is not only unequivocally willing to provide supervision, but continues to foster a positive relationship between the father and the child (*see Matter of Taylor v Fry*, 47 AD3d at 1132).

However, Family Court erred by improperly delegating to the parties—essentially to the mother—the court's responsibility to determine when, in the child's best interests, the father is capable of caring for the child without supervision. While the expansion of the frequency and the choice of the supervisor can be appropriately left to the agreement of the parents, the court's authority with respect to when visitation will be unsupervised "can no more be delegated to one of the parties than it can be to a child or to a therapist" (*Matter of William BB. v Susan DD.*, 31 AD3d 907, 908 [2006] [citation omitted]; *see Matter of Gaitor v Morrissey*, 47 AD3d 975, 976-977 [2008], *appeal dismissed* 10 NY3d 890 [2008]; *Matter of St. Pierre v Burrows*, 14 AD3d 889, 892 [2005]). Accordingly, when the father can establish that he is truly capable of caring for the child without supervision, a petition seeking modification can be made to the court.

As for the father's assertions that the mother should have

been sanctioned for what Family Court described as "unreasonably" depriving the father of contact with the child, there is conflicting testimony as to what degree the mother frustrated the father's attempts to obtain visitation and what role the father played in his failure to assert his right to the ordered visitation. When viewed as a whole, the record evidence supports the court's reluctance to find a willful violation of the previous order of visitation and, instead, its decision to admonish the mother not to interfere with the relationship between father and child. We reiterate that warning by directing that the mother no longer interfere with the father's right to the supervised visitation ordered by Family Court.

We have considered the father's remaining contentions and find them to be unavailing.

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as delegated to the parties the authority to modify the requirement that petitioner's visitation with the child be supervised; petitioner's visitation shall be supervised until further order of the Family Court of Broome County; and, as so modified, affirmed.