■ In the Matter of STEPHANIE BRASWELL, Respondent, v DAVID BRASWELL, Appellant. [914 NYS2d 749]—

---

Peters, J.P. Appeal from an order of the Family Court of Greene County (Proskin, J.), entered December 16, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a son (born in 2004). Pursuant to a stipulation of settlement that was incorporated, but not merged, into the 2008 judgment of divorce, the parties agreed to share joint legal custody of the child, with the mother having primary physical custody and the father receiving extensive visitation. Specifically, the father was given parenting time for no less than an eight-day period in the months of February, April, June, August and November, to be exercised during the last 10 days of each month. In addition, he was granted visitation from December 27 until the evening before the resumption of school.

In May 2009, the mother commenced this proceeding seeking a modification of the father's visitation. At an October 15, 2009 conference, the fact-finding hearing was scheduled, upon the agreement of the parties, for November 19, 2009 and, if necessary, November 24, 2009. Approximately two weeks later, counsel for the father sent a letter requesting an adjournment of the hearing dates to sometime after November 27, 2009 on the ground that the father "lives in South Carolina and due to other family obligations will not be able to make it to New York." Family Court denied the father's request and the matter proceeded to trial on the scheduled November 19, 2009 hearing date in the father's absence. Following the hearing, Family Court found a sufficient change in circumstances warranting a modification of visitation and limited the father's visitation to three visits per year, consisting of no more than seven days per visit. The father appeals.

Family Court did not err in denying the father's request to adjourn the fact-finding hearing. The determination as to whether to grant an adjournment is addressed to the sound discretion of the trial court, and its determination will not be disturbed absent a clear abuse of that discretion (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Newmark v Animal Emergency Clinic of Hudson Val.*, 38 AD3d 1110, 1112 [2007], *lv denied* 9 NY3d 815 [2007]; *Gutin-Nedo v Marshall, Cheung & Diamond*, 301 AD2d 728, 729 [2003]). Here, counsel's vague claim that the father was unable to attend the hearing due to "family obligations" was unsupported by any detailed explanation or evidence from the father (*see Matter of Sanaia L. [Corey W.]*, 75 AD3d 554, 554-555 [2010]; *Matter of Ciara Z.*, 58 AD3d 915, 917 [2009]; *Gramma v Gramma*, 161 AD2d 899, 900 [1990]). Moreover, inasmuch as the father agreed to the hearing dates more than a month in advance, there is an ample basis to conclude that any need for an adjournment resulted from his failure to exercise due diligence (*see Le Jeunne v Baker*, 182 AD2d 969, 969-970 [1992]). Thus, we perceive no basis for disturbing Family Court's decision to deny the motion to adjourn.

To the extent that the father also argues that Family Court improvidently exercised its discretion in closing the proof at the conclusion of the mother's case, rather than adjourning the matter to the second scheduled hearing date, we are similarly unpersuaded. The mother presented only two witnesses, the father's counsel propounded no witnesses and there was no indication prior to the hearing that the father would appear at the second hearing date. According deference, as we must, to the trial court's control of a trial and its calendar (*see Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 251 AD2d 954, 956 [1998]; *Bay Ridge Fed. Sav. & Loan Assn. v Morano*, 199 AD2d 354, 355 [1993], *lv denied* 84 NY2d 801 [1994]; *Stores v McLaughlin*, 275 App Div 612, 614 [1949]), we again find no error.

Turning to the merits, the record supports Family Court's modification of the visitation schedule. "As with custody, an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Taylor v Fry*, 63 AD3d 1217, 1218 [2009] [citations omitted]; *see Matter of Neeley v Ferris*, 63 AD3d 1258, 1259 [2009]; *Matter of Laware v Baldwin*, 42 AD3d 696, 696-697 [2007]). At the time of the hearing, the child had recently begun kindergarten and the existing visitation schedule, which

permitted the father to exercise parenting time in South Carolina for at least eight consecutive days during various school months, interfered with the child's school schedule. Evidence was also presented that the child was diagnosed with acute stress disorder related to his visits with the father. In light of this proof, we agree with Family Court that a sufficient change in circumstances existed to warrant a modification of the existing visitation arrangement (*see Matter of VanDusen v Riggs*, 77 AD3d 1355, 1355-1356 [2010]; *Matter of Carey v Kimball*, 15 AD3d 797, 798-799 [2005]; *cf. Ostrander v McCain*, 68 AD3d 1480, 1481-1482 [2009]).

Furthermore, Family Court's decision that a reduction in the father's visitation was in the child's best interests is supported by a sound and substantial basis in the record. Despite the generous visitation schedule provided to the father under the prior visitation order, he had exercised visitation with the child on only two occasions in the previous year. Both times the father sent his then-fiancée to pick the child up in the City of Albany for visits, notwithstanding the child's request to be picked up by his father. Additionally, although the prior custody order required the father to notify the mother at least 10 days in advance of a visit, he would often fail to do so until days prior to the visit, causing the child uncertainty and anxiety.

Moreover, evidence was presented regarding the child's behavior prior to and immediately following his visits with the father. The mother explained that, when the father does give her notice that he intends to visit the child, the child shuts down, becomes aggressive, bites his nails and informs her that he does not want to go. She testified that, immediately prior to and following his visits with the father, the child frequently has nightmares, such as dreams where he cannot find his mother. The mother also presented the testimony of Judith Kelleher-Merend, a licensed clinical social worker who had met with the child approximately 17 times during the year preceding the hearing. Kelleher-Merend testified that the child suffers from acute stress disorder related to his visits with his father, as manifested by behavioral changes such as extreme periods of anger and aggression. She further explained that the child's symptoms have ceased and his behavior has dramatically changed in the last six months which, in her opinion, is due to the fact that the child had not visited with the father since that time. Family Court credited the testimony of the mother and Kelleher-Merend and found that the child's best interests would be served by establishing a more structured and limited visitation schedule, consisting of a one week visit during the child's

Thanksgiving vacation and two week-long visits during summer vacation. According deference to Family Court's factual findings and credibility assessments (*see Matter of Marchand v Nazzaro*, 68 AD3d 1216, 1217 [2009]; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1192 [2008]), we are unpersuaded that its modification of the visitation arrangement lacks a sound and substantial basis in the record and discern no basis for disturbing its broad discretion in fashioning the subject schedule (*see Matter of Moore v Schill*, 44 AD3d 1123, 1123 [2007]; *Tait v Tait*, 44 AD3d 1142, 1143 [2007]; *Murray v Skiff-Murray*, 289 AD2d 805, 807 [2001]).

Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.