■ In the Matter of TROY L. BEARD SR., Respondent, v NARCORRA C. BAILOR, Appellant. (And Another Related Proceeding.) [922 NYS2d 629]—

Egan Jr., J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered August 24, 2009, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a daughter (born in 2003). The mother also has three other children from other

relationships. In January 2007, the parties stipulated to an order in which they would share joint legal custody of the daughter, with the mother having sole physical custody and the father having certain visitation time. In May 2007, the custody order was modified by providing that the parties have "equal custody" of the daughter, and that the mother ensure that the daughter have no contact with one of her paramours. In January 2008, after the father had relocated to Georgia, the custody agreement was again modified resulting in, among other things, the mother being awarded primary physical custody of the daughter and the father having certain visitation rights.

In February 2008, following his return to New York, the father commenced the first of the instant proceedings, seeking, among other things, custody of the daughter based on allegations that the mother was interfering with his relationship with the daughter. During the pendency of this proceeding, in September 2008, Family Court issued an order temporarily awarding the father sole legal and physical custody of the daughter, and granted the mother supervised visitation. The mother ultimately commenced the second of these proceedings claiming that the father violated the September 2008 order. After fact-finding and *Lincoln* hearings, Family Court granted the father's modification petition and awarded the father sole legal and physical custody of the daughter with the mother having supervised visitation with the daughter for two hours per week. Family Court dismissed the mother's violation petition. The mother now appeals, claiming only that Family Court erred in requiring that her visitation with the daughter be supervised.

We affirm. "The determination of whether visitation should be supervised is a matter 'left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it' " (*Matter of Taylor v Fry*, 47 AD3d 1130, 1131 [2008], quoting *Matter of Roe v Roe*, 33 AD3d 1152, 1155 [2006]; *see Matter of Opalka v Skinner*, 81 AD3d 1005, 1006 [2011]). Further, such a decision is guided by the "overriding concern for the best interest of the child" (*Matter of Simpson v Simrell*, 296 AD2d 621, 621 [2002]; *see Matter of Sumner v Lyman*, 70 AD3d 1223, 1225 [2010], *lv denied* 14 NY3d 709 [2010]). Here, Family Court found, among other things, that the mother failed to provide adequate supervision, she "failed to protect the child from convicted felons and from her own siblings . . . she has denigrated the father, encouraged the child to make false allegations of abuse against the father and exhibited inappropriate behavior . . . [and] has demonstrated an inability to comply with court orders."

The testimony at the fact-finding hearing revealed that the mother often left the daughter with the maternal grandmother, who was herself the subject of numerous reports from the Chemung County Department of Social Services. The grandmother reportedly failed to provide adequate supervision to the mother's children and, according to a caseworker employed by the Department, the grandmother would often get angry and yell at the children and "say things that young children shouldn't hear." Furthermore, there was testimony that the mother permitted her children to be around a convicted felon despite a court order prohibiting such contact. There was also evidence that the mother permitted her older male child—who has a history of emotional problems—to regularly attend visitation with the daughter notwithstanding a court order limiting such contact. During the pendency of these proceedings, there was testimony that this male child has attempted to strike the daughter with a stick. Additionally, the mother has actively attempted to discourage the father from having a relationship with the daughter by, among other things, making unfounded accusations that the father had sexually abused the daughter, by speaking negatively about the father and the father's current wife to the daughter, by telling the daughter that the father and his current wife were trying to "brainwash her" and by telling the daughter to refer to her paramours as "daddy." Finally, the record reflects that the mother has disregarded visitation orders and disrupted supervised visitation on more than one occasion by bringing third parties to supervised visitation time and by attempting to evade supervision by running into the bathroom with all of her children and locking the door. Under these circumstances, we conclude that Family Court acted within its discretion in fashioning a visitation arrangement designed to avoid any emotional harm to the daughter, while still permitting the mother to have meaningful interaction with the daughter (*see Matter of Opalka v Skinner*, 81 AD3d at 1008; *Matter of Custer v Slater* 2 AD3d 1227, 1228 [2003]; *Matter of Kryvanis v Kruty*, 288 AD2d 771, 772 [2001]).

With regard to the mother's contention that Family Court's order is vague in that it fails to set forth what the mother is required to establish in order to have visitation restrictions with her daughter lifted, Family Court was not required to advise the mother as to what steps she should take in the future to regain unsupervised visitation.

Spain, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.