Rose, J.
*1194 We affirm. “[A]n existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child” (Matter of Taylor v Fry, 63 AD3d 1217, 1218 [2009]; accord Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1117 [2011]). Moreover, “[t]he determination of whether visitation should be supervised is a matter left to Family Court’s sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it” (Matter of Taylor v Fry, 47 AD3d 1130, 1131 [2008] [internal quotation marks and citation omitted]; accord Matter of Knight v Knight, 92 AD3d 1090, 1092 [2012]).
It is undisputed that the child suffers from attention deficit hyperactivity disorder, bipolar disorder and oppositional defiant disorder, resulting in his frequent loss of self-control, becoming violent and destructive. The father testified that the mother is unable to handle the child during these episodes and consistently cuts her visitation short by calling the father to come and pick up the child. It is also undisputed that, in April 2011, the father responded to the mother’s call to pick up the child after the child began behaving violently and the father discovered that the mother’s current spouse had used excessive force in subduing the child, resulting in minor injuries to the child. Based upon this evidence, we find that the father demonstrated a change in circumstances reflecting a need for modification of the prior order.
Having established a change in circumstances, Family Court conducted the requisite best interests analysis (see Matter of Flood v Flood, 63 AD3d 1197, 1198 [2009]). The record reflects that the mother admittedly cannot handle the child when he loses control, there is evidence in the record that the child was injured by the mother’s spouse when the latter attempted to restrain the child, and the mother has not sought visitation in her home since that incident.* Further, despite having joint legal custody, the mother has not taken any steps to try to learn how to handle the child when he loses control, deciding instead to cut the visitation time short by calling the father and relying on *1195 him to bring the child under control. Contrary to the mother’s contention, due to her inability or unwillingness to properly and safely care for the child, Family Court’s determination that two hours of weekly supervised visitation was in the child’s best interests is supported by a sound and substantial basis in the record (see Matter of Sumner v Lyman, 70 AD3d 1223, 1225 [2010], lv denied 14 NY3d 709 [2010]; Matter of Taylor v Fry, 63 AD3d at 1218-1219). Finally, under the circumstances of this case, we cannot say that Family Court abused its discretion in declining to conduct an in camera interview with the child (see Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091-1092 [2011]).
Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Family Court also ordered that the mother’s spouse was to have no contact with the child.