## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: October 16, 2014          516848
_____

In the Matter of RAYCHELLE J.,
            Respondent,

    v

KENDELL K.,                       MEMORANDUM AND ORDER
             Appellant.

(And Another Related Proceeding.)
_____


Calendar Date: September 3, 2014

Before: Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____


      Carman M. Garufi, Binghamton, for appellant.

      Norbert A. Higgins, Binghamton, for respondent.

      Bridget A. O'Connor, Binghamton, attorney for the children.

_____


Clark, J.

      Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 15, 2013, which, among other things, granted petitioner's application, in proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

      Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of two sons, Kendell (born in 2002) and Kaelin (born in 2004). Pursuant to a prior order of custody, the parties shared joint legal custody, with the mother having primary physical custody and the father having visitation one day a week and every other weekend. In

practice, however, the father exercised his visitation intermittently and as the parties could agree. In August 2012, the father became irate after discovering that Kendell had accidentally urinated in the father's vehicle on the way home from football practice. The father hit the child in the chest and head before striking the mother, who had attempted to intervene and shield the child. The father then left the mother's apartment, only to return a short while later, demanding that the child clean the vehicle. After the arrival of law enforcement, the father again left the mother's apartment.

The mother thereafter commenced these proceedings seeking modification of the prior order of custody and alleging that the father committed a family offense. Following a fact-finding hearing, as well as a Lincoln hearing with both children, Family Court determined that the father had committed a family offense, issued a two-year order of protection in favor of the mother and the children,[1] and awarded the mother custody of the children, with supervised visitation to the father. The father now appeals, challenging only the portion of Family Court's order limiting his visitation with the children.[2]

We affirm. In a custody modification case like this one, once it has been established that there has been a change in circumstances warranting a modification of the existing order, the overriding concern is the best interests of the children (see Matter of Knight v Knight, 92 AD3d 1090, 1091-1092 [2012]; Matter of Peet v Parker, 23 AD3d 940, 941 [2005]). The decision to

---

[1] The order of protection also prohibited the father from having any contact with the mother's child from a different relationship. That child is not the subject of the proceedings herein.

[2] The father does not challenge the order of protection or Family Court's determination that a sufficient change in circumstances warranting modification of the prior order had been established and, thus, any arguments he may have had with respect to those claims are deemed abandoned (see Matter of Telsa Z. [Rickey Z.–Denise Z.], 71 AD3d 1246, 1249 n 3 [2010]).

order supervised visitation is left to Family Court's sound discretion and will only be disturbed by this Court when it lacks a sound and substantial basis in the record (see Matter of Burrell v Burrell, 101 AD3d 1193, 1194 [2012]; Matter of Beard v Bailor, 84 AD3d 1429, 1430 [2011]). In this regard, supervised visitation may be warranted if unsupervised time with the children could be "detrimental to the child[ren]'s safety" because the parent "'is either unable or unwilling to discharge his or her parental responsibility properly'" (Matter of Taylor v Fry, 63 AD3d 1217, 1218-1219 [2009], quoting Matter of Kathleen OO., 232 AD2d 784, 786 [1996]).

Here, the proof at the fact-finding hearing illustrated that the father had a history of temper outbursts and an inappropriate use of corporal punishment. Specifically, the father repeatedly proclaimed that it is his right to hit his children when he feels that they deserve it and that he would continue to do so in the future. When asked if he would be willing to participate in the children's therapy, he told Family Court, in no uncertain terms, that he would not.

The child protective worker assigned to investigate the allegations made against the father testified at the fact-finding hearing and described the father as uncooperative and irate.[3] She stated that the father admitted to having "'whoop[ed] his children's ass[es]' and [had hit] the [children] in the face and chest for discipline" and would continue to do so in the future, saying that no one could stop him. She also reported that the children informed her that they were afraid of their father and that he hits them in their heads and faces when they are in trouble. Although the social worker recommended anger management and parenting classes, the father expressed no interest in engaging in such services.

Under these circumstances, we reject the father's contention that Family Court erred in restricting his contact with the children to supervised visitation. Given the evidence

---

[3] The investigation resulted in the father being indicated for neglect.

in the record that the father subjected both children to corporal punishment and testified that he intended to continue to do so and would not engage in family counseling, we cannot say that Family Court abused its discretion in determining that supervised visitation was in the best interests of the children (see Matter of Knight v Knight, 92 AD3d at 1092-1093; Matter of Beard v Bailor, 84 AD3d at 1430-1431).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court