*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015          517291
_____

In the Matter of WALTER TT.,
                    Appellant,

     v

CHEMUNG COUNTY DEPARTMENT OF          MEMORANDUM AND ORDER
   SOCIAL SERVICES,
                    Respondent,
                    et al.,
                    Respondent.

(And Another Related Proceeding.)
_____


Calendar Date:  September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


     Carman M. Garufi, Binghamton, for appellant.

     Donald S. Thompson, Chemung County Department of Social
Services, Elmira (Donald S. Thompson of counsel), for Chemung
County Department of Social Services, respondent.

     Emily Karr Cook, Elmira, attorney for the children.

                    _____


Peters, P.J.

     Appeal from an order of the Family Court of Chemung County
(Brockway, J.), entered July 22, 2013, which, among other things,
partially dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
visitation.

     Petitioner (hereinafter the father) and respondent Yashica

RR. (hereinafter the mother) are the parents of two children (born in 2006 and 2008).  In 2012, both children were removed from the mother's care and adjudicated to be neglected by her. Thereafter, following the father's release from jail, he commenced this proceeding for modification of a prior order of visitation, seeking unsupervised visitation every other weekend. After a fact-finding hearing, Family Court declined to award the father unsupervised visitation, but granted him supervised visits with the children to occur at a minimum of twice a week.  The father appeals.

We affirm.  There being no dispute that a change in circumstances had occurred since the prior visitation order, the issue distills to whether the visitation arrangement fashioned by Family Court served the children's best interests (see Matter of Sparbanie v Redder, 130 AD3d 1172, 1173 [2015]; Matter of Raychelle J. v Kendell K., 121 AD3d 1206, 1207 [2014]).  "[T]he determination of whether visitation should be supervised is a matter left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Burrell v Burrell, 101 AD3d 1193, 1194 [2012] [internal quotation marks and citations omitted]; see Matter of Raychelle J. v Kendell K., 121 AD3d at 1207; Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1003 [2014]).

Here, the father regularly missed scheduled visits and, during the visits that he did attend, he failed to properly discipline the children and was unable to provide them with adequate supervision.  Such visitations with the children were characterized by a supervisor for respondent Chemung County Department of Social Services as "chao[tic]."  Testimony further established that the father has a history of mental health issues dating back several years, but no evidence was presented that such issues have been treated or otherwise addressed.  The father also readily admitted that he regularly smokes marihuana and that he has, at times, been under the influence of marihuana while caring for the children.  Given this evidence and despite the attorney for the children's position that the father be permitted unsupervised visitation, we find no basis to disturb Family Court's conclusion that limiting the father to supervised

visitation is in the children's best interests (see Matter of Keen v Stephens, 114 AD3d 1029, 1031 [2014]; Matter of Kaleb U. [Heather V.–Ryan U.], 77 AD3d 1097, 1100 [2010]; Matter of Brandon DD. [Jessica EE.], 75 AD3d 815, 816-817 [2010]; Matter of Isaac Q., 53 AD3d 731, 732 [2008]).

McCarthy, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court