◼ In the Matter of WILLIAM TODD BURNETT JR., Respondent, v ADRIENNE ANDREWS-DYKE, Appellant. (And Three Other Related Proceedings.) [34 NYS3d 222]—

Rose, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered February 3, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Respondent (hereinafter the mother), who lives in Michigan, and petitioner (hereinafter the father), who lives in Ulster County, are the divorced parents of a daughter (born in 2001). Pursuant to a 2010 custody and visitation order entered on consent, the parents shared joint legal custody of the child and the father was awarded sole physical custody. The order additionally provided that the mother would have visitation at her home in Michigan during the child's alternating school vacation periods and for the entirety of her summer break, as well as up to six weeks of additional parenting time when she was present in New York. This arrangement continued until the mother, in September 2013, refused to return the child to the father's custody at the end of her summer visitation period.

In response, the father filed habeas corpus and violation petitions seeking the return of the child and alleging that the mother had violated the 2010 order by keeping the child in

Michigan beyond the end of the child's summer break. That same day, Family Court issued a writ of habeas corpus and an order to show cause requiring the mother to return the child to the father's custody and to appear for a hearing on the violation petition. The mother thereafter appeared telephonically, but refused to return the child, prompting the father to file a third petition for, among other things, sole legal custody and various restrictions on the mother's visitation. Only then did the mother file her own modification petition for sole custody based upon allegations that the father had abused the child.

After the mother ultimately returned the child to New York and appeared for a fact-finding hearing, Family Court issued an order that awarded the father sole legal and physical custody. The order also maintained the alternating school vacation visitation schedule, but otherwise reduced the mother's parenting time to two weeks during the child's summer break, one additional week of visitation during the school year and further required that all such visitation take place in Ulster County—where the child's maternal grandmother also resided—or an adjoining county. The mother now appeals.

Initially, the mother does not contest the portion of Family Court's order that awarded sole custody to the father. Nor does she dispute that the father established a change in circumstances, inasmuch as she admittedly violated the 2010 order by refusing to return the child to the father's custody. Rather, she argues only that the court abused its discretion by reducing the length and restricting the location of her visitation with the child. Thus, the issue before us is whether a sound basis exists in the record to support Family Court's decision that it was in the child's best interests to limit the mother's visitation (*see Matter of Kadio v Volino*, 126 AD3d 1253, 1254 [2015]; *Matter of Miller v Fedorka*, 88 AD3d 1185, 1186 [2011]; *Matter of Braswell v Braswell*, 80 AD3d 827, 831 [2011]).

At the fact-finding hearing, the attorney for the child presented the expert testimony and written report of Jacqueline Bashkoff, a licensed psychologist who conducted a court-ordered forensic custody evaluation of the parties. Based upon her interviews with the mother and the child, both separately and together, Bashkoff opined that, while keeping the child in Michigan, the mother had "encouraged, manipulated, and brainwashed" her in order to turn her against the father. Bashkoff also testified that, during her joint interview with the mother and the child, the mother openly discussed with the child the details of the Family Court proceeding and custody dispute, displayed an inability to set parent-child boundaries

and encouraged and facilitated the child's negative statements about the father. Significantly, the mother admitted to Bashkoff that, for over a year, she had done nothing to foster a relationship between the child and the father.

As for the mother's allegations that the father abused the child, the undisputed evidence revealed that, after investigations by both Child Protective Services and the New York State Police, all of the mother's accusations against the father were deemed to be unfounded. When Bashkoff interviewed the father and the child together, she described their rapport as "playful." Indeed, the child herself told Bashkoff that she did not feel that the father's actions constituted abuse, and that they were more properly characterized as annoying horseplay, which the father has since discontinued. While the child also told Bashkoff that she would prefer to live with the mother, Family Court "understandably gave very little weight to [her] . . . expressed wishes" in light of the mother's alienation behavior and influence on the child's preferences (*Matter of Virginia C. v Donald C.*, 114 AD3d 1032, 1035 [2014]; *see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]).

We also agree with Family Court that the record clearly shows that the mother knowingly and willfully violated the previous order of custody and acted in contempt of court by withholding the child from the father in Michigan without simultaneously filing a petition for modification explaining her reasons for not returning the child to Ulster County. Further, the expert testimony of Bashkoff supports the court's determination that visitation with the mother in another state would not be in the best interests of the child as it would permit the mother's alienation behavior to continue unchecked. Mindful of Family Court's "wide discretion in crafting an appropriate visitation schedule" (*DeLorenzo v DeLorenzo*, 81 AD3d 1110, 1112 [2011], *lv dismissed* 16 NY3d 888 [2011]), and the deference that we accord to its factual findings and credibility determinations (*see Matter of Taylor v Fry*, 63 AD3d 1217, 1219 [2009]; *Matter of Jones v McMore*, 37 AD3d 1031, 1031-1032 [2007]), our review of the record leads us to conclude that the court had a sound and substantial basis for limiting and restricting the mother's parenting time (*see Matter of Braswell v Braswell*, 80 AD3d at 830-831; *Matter of Scialdo v Kernan*, 14 AD3d 813, 815-816 [2005]).

McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.