## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: October 20, 2016          521287
_____

In the Matter of CHRISTINE TT.,
                    Appellant,

            v                            MEMORANDUM AND ORDER

GARY VV.,
                    Respondent.
_____

Calendar Date:   September 8, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____

        William V. O'Leary, Albany, for appellant.

        Lisa K. Miller, McGraw, for respondent.

        S. Francis Williams, Cortland, attorney for the child.

                    _____

Rose, J.

        Appeal from an order of the Family Court of Cortland County
(Campbell, J.), entered June 12, 2015, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody and visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of a daughter
(born in 2008).  The mother has a longstanding history of alcohol
dependency and mental health issues.  In 2012, she showed up
inebriated at a fact-finding hearing in Family Court and was
arrested in the court parking lot for driving while intoxicated.
As a result of this incident, Family Court awarded the father
sole custody of the child, required that the mother's visitation
be supervised, and mandated that she successfully complete a

long-term residential substance abuse program with a mental health component.  The mother thereafter completed a seven-month in-patient program and, as part of her discharge plan, enrolled in an out-patient program.  In 2014, she left that program early and commenced this proceeding seeking to modify the 2012 order, ultimately limiting her request to unsupervised visitation. Following a fact-finding hearing, Family Court denied the mother's request and continued the requirement that visitation be supervised.  The mother now appeals.

It is undisputed that the mother's commendable sobriety is a change in circumstances since the issuance of the 2012 order. Thus, our inquiry distills to whether supervised visitation is in the child's best interests (see Matter of Burnett v Andrews-Dyke, 140 AD3d 1346, 1347 [2016]; Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1170-1171 [2015]).  In addressing this inquiry, we note that "[t]he decision to order supervised visitation is left to Family Court's sound discretion and will only be disturbed by this Court when it lacks a sound and substantial basis in the record" (Matter of Raychelle J. v Kendell K., 121 AD3d 1206, 1207 [2014]; see Matter of Sparbanie v Redder, 130 AD3d 1172, 1173 [2015]; Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1003 [2014]).

Here, the record provides ample support for Family Court's finding that the mother still has many serious unresolved mental health issues that impact her ability to have unsupervised visitation.  Despite her continued need for mental health treatment based on her documented lack of adequate behavioral controls and coping skills, her mental health records reveal that she has canceled or simply failed to show up for almost half of her scheduled therapy appointments, for which she admitted that she "[doesn't] have any explanations."  By her own account, emotional distress interferes with her day-to-day functioning, and she provided no medical evidence to counter the inferences reasonably drawn from the record.

In addition to the documentation evidencing the mother's mental health, the maternal grandmother, who supervised the mother's visitation, testified that the mother has outbursts and anger control issues, cannot perceive potential safety concerns

and "yell[s] and complain[s]" about her problems with the father in front of the child.  Based upon this evidence, and despite the fact that the attorney for the child advocates for unsupervised visitation, we find that there is a sound and substantial basis in the record to support Family Court's determination that limiting the mother's parenting time to supervised visitation is in the child's best interests (see Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d at 1171; Matter of LaRussa v Williams, 114 AD3d 1052, 1055 [2014]; Matter of Taylor v Fry, 63 AD3d 1217, 1219 [2009]).

The remaining issues do not require extended discussion. Although we agree with the mother that Family Court improperly relied upon Family Ct Act § 1046 (a) (vi) to allow into evidence certain hearsay statements of the child, we deem this error to be harmless (see Matter of Pettengill v Kirley, 25 AD3d 935, 936 [2006]).  Finally, the mother failed to preserve her contention that Family Court erred by not conducting a Lincoln hearing (see Matter of Gallo v Gallo, 138 AD3d 1189, 1191 [2016]) and, in any event, we perceive no error in light of the child's young age and the representation provided by the attorney for the child (see Matter of Adams v Morris, 111 AD3d 1069, 1071 [2013]).

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court