■ In the Matter of FRANKLIN KIRK WILLIAMS, Appellant, v ANGELA SCARPA WILLIAMS, Respondent. (Proceeding No. 1.) In the Matter of ANGELA SCARPA WILLIAMS, Respondent, v FRANKLIN KIRK WILLIAMS, Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) [56 NYS3d 649]—

Clark, J. Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered August 12, 2015, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

In 2012, Franklin Kirk Williams (hereinafter the father) and Angela Scarpa Williams (hereinafter the mother)—the parents of two children (born in 2002 and 2004)—obtained a divorce in Colorado. At the time of the parties' divorce, the father had relocated to North Carolina and the mother intended to relocate to New York. Pursuant to the parties' separation agreement, a parenting plan and a 2012 order, all of which were incorporated into the decree of divorce, the parties had, as relevant here, joint legal custody of the children, with primary physical custody to the mother and detailed parenting time to the father, totaling roughly 110 overnights. In addition, the parties entered into a "Home School Agreement," in which they agreed that the children would be home schooled by the mother until May or June 2015 and that the children would thereafter be enrolled in a traditional school program.

In October 2014, the father commenced the first of these proceedings seeking to enforce the parenting time provisions set forth in the 2012 order. The mother thereafter filed a modification petition seeking to modify, among other things, the father's parenting time with the children. The father subsequently filed a second enforcement petition and a petition for a writ of habeas corpus. Following a hearing, Family Court found, among other things, that the mother did not willfully

violate a prior court order, that there was no basis to alter the parties' prior agreement to enroll the children in public school for the 2015-2016 school year and that the children's enrollment in public school constituted a change in circumstances warranting a modification of the father's parenting time schedule. Family Court accordingly dismissed the father's enforcement petitions and partially granted the mother's modification petition by modifying the father's parenting time to include one week during the children's winter school vacation and spring school vacation, roughly five consecutive weeks in the summer and alternating Christmas vacations.* The father appeals, arguing that Family Court's order lacks a sound and substantial basis in the record because it dramatically reduced the amount of parenting time that he received under the prior order.

To modify an existing custody order, it must be established that there has been a change in circumstances since the prior order and that modification of that order is necessary to ensure the continued best interests of the children (*see Heather B. v Daniel B.*, 125 AD3d 1157, 1159 [2015]; *Matter of Patricia P. v Dana Q.*, 106 AD3d 1386, 1386 [2013]). Inasmuch as the mother and the attorney for the children agree that the change from home schooling to public school constituted the requisite change in circumstances, the sole issue before this Court is whether the father's modified parenting time schedule is in the best interests of the children (*see Matter of Walter TT. v Chemung County Dept. of Social Servs.*, 132 AD3d 1170, 1170-1171 [2015]; *Matter of Sparbanie v Redder*, 130 AD3d 1172, 1173 [2015]). In determining the best interests of the children, courts must consider a variety of factors, including the need to maintain stability in the children's lives, the parents' respective home environments, each parent's willingness to foster a positive relationship between the children and the other parent, the needs of the children and the parents' past performance and ability to provide for the children's overall well-being (*see Matter of Clupper v Clupper*, 56 AD3d 1064, 1065-1066 [2008]; *Matter of Hissam v Mackin*, 41 AD3d 955, 956 [2007], *lv denied* 9 NY3d 809 [2007]). In crafting an appropriate parenting time schedule in the best interests of the children, Family Court is afforded broad discretion (*see Matter of Burnett v Andrews-Dyke*, 140 AD3d 1346, 1348 [2016]; *DeLorenzo v DeLorenzo*, 81 AD3d 1110, 1112 [2011], *lv dismissed* 16 NY3d

---

* The father's habeas corpus petition is not resolved in the order appealed from and the disposition of that petition is not otherwise revealed in the record.

888 [2011]), and we will not disturb such determination unless it lacks a sound and substantial basis in the record (*see Matter of Christine TT. v Gary VV.*, 143 AD3d 1085, 1085-1086 [2016]; *Matter of Braswell v Braswell*, 80 AD3d 827, 831 [2011]).

The record evidence demonstrated that, aside from their difficulty in effectively communicating with each other for the sake of the children, both parties are loving and capable parents who provide for the children's medical, educational and social needs. The father acknowledged, in Family Court, that it was his preference that the children attend public school and that their enrollment would necessarily result in a reduction of his parenting time. However, the father proposed that his parenting time need only be slightly reduced if he received parenting time with the children during all of their school vacations, with the children missing several school days leading up to their Thanksgiving break. Family Court rejected the father's proposal, reasonably finding that awarding the father parenting time for all of the children's school vacations would be "to the detriment of the mother and children having some quality vacation time together." Instead, Family Court fashioned a parenting time schedule that does not require the children to miss any school days, grants the father parenting time with the children for a majority of their school vacation days and allows the children to enjoy some vacation time in New York with the mother, as well as their friends (*see Matter of Neeley v Ferris*, 63 AD3d 1258, 1260-1261 [2009]). The father argues that, in establishing his parenting time schedule, Family Court should have considered that his contact with the children is limited when they are in New York because the mother does not have Internet access in her home and does not allow the children to have cell phones. However, Family Court acknowledged, in its decision, the parties' differing lifestyles and parenting choices with respect to electronic communication, and the record established that the father could regularly speak with the children on the mother's landline telephone. Considering the totality of the evidence, and the discretion afforded to Family Court in fashioning a parenting time schedule (*see Funaro v Funaro*, 141 AD3d 893, 896 [2016]), we find that a sound and substantial basis exists in the record to support Family Court's determination that the modified parenting time schedule is in the children's best interests (*see Matter of Braswell v Braswell*, 80 AD3d at 830-831). Accordingly, we decline to disturb Family Court's order.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.