Mulvey, J.
 

 Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 29, 2016, which partially dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
 

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2013), born while the father was incarcerated. In July 2015, prior to the father’s release from jail, the parties consented to an order of custody that granted the mother custody and provided the father parenting time with the child at the mother’s discretion. Following his release from jail, the father commenced this proceeding in January 2016 seeking, among other things, parenting time with the child on weekends, shared holidays and alternate weeks throughout the summer. Family Court entered a temporary order providing the father with one hour of weekly parenting time supervised by the child’s maternal aunt. Following a hearing, the court ordered that the father be provided with parenting time once per week at a date, time and place arranged with, and supervised by, the aunt. The father appeals.
 

 We affirm. The father contends that Family Court abused its discretion in limiting his parenting time with the child to once per week supervised by the aunt or, alternatively, that his parenting time should be supervised by his fiancée. Initially, the mother and the attorney for the child acknowledged that the father was entitled to some visitation with the child, but opposed unsupervised or weekend visitation at that point. The parties’ prior consent order contemplated the father’s right to petition for parenting time upon his release from jail. The parties did not, and do not currently, dispute that the father’s release from jail constituted a change in circumstances and, thus, the only issue is whether the child’s best interests are served by the court’s visitation order (see Matter of Nathanael G. v Cezniea I., 151 AD3d 1226, 1227 [2017]).
 

 “The determination of whether visitation should be supervised is a matter left to Family Court’s sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it” (Matter of Taylor v Fry, 47 AD3d 1130, 1131 [2008] [internal quotation marks and citations omitted]; see Matter of Christine TT. v Gary W., 143 AD3d 1085, 1085 [2016]). Here, the record is replete with testimony from the mother, the aunt and a neighbor regarding the father’s frequent intoxication and resulting aggressive behavior and history of domestic violence. According to the father, he had been sober for three months, and his fiancée testified that she had not observed him using drugs or consuming alcohol and that he was going to treatment. However, he “offered no treatment records or any other documentation/ testimony attesting to [his] efforts in this regard” (Matter of Menhennett v Bixby, 132 AD3d 1177, 1180 [2015]). The father admitted that his incarceration for criminal mischief and criminal contempt stemmed from incidents of domestic violence against the mother, which he attempted to minimize. He conceded that he had been drinking before those incidents, which resulted in an order of protection in favor of the mother that remains in place. The mother testified regarding the father’s alcoholism and history of violence and his irresponsible actions when he had unsupervised visits with the child, and that he has exhibited a minimal commitment to caring for the child. She recounted instances in which he sounded inebriated and threatened her during phone conversations when he was caring for the child. She testified to an incident in which the father returned the child early from a visit, indicating that he had been in a fight, and she observed a beer in the child’s stroller; when confronted about the fact that the terms of his probation prohibited his consumption of alcohol, the father responded that “he could do whatever he wanted” because “[fit’s his child.” Based on this incident, the mother stopped the father’s parenting time. The mother also recounted the father’s use of corporal punishment on the child when the child was only five months old.
 

 “In crafting an appropriate parenting time schedule in the best interests of the child [ ], Family Court is afforded broad discretion” (Matter of Williams v Williams, 151 AD3d 1307, 1308 [2017] [citations omitted]). As the court “is in the best position to evaluate the parties’ testimony, character and sincerity, its factual findings are accorded great deference and will not be disturbed, unless they lack a sound and substantial basis in the record” (Matter of Adam E. v Heather F, 151 AD3d 1212, 1213 [2017] [internal quotation marks, brackets, ellipsis and citations omitted]). Here, the testimony reflected the father’s history of domestic violence, substance abuse and recurring aggressive or violent behavior, and his apparent “inability or unwillingness to properly and safely care for the child” (Matter of Burrell v Burrell, 101 AD3d 1193, 1195 [2012]; see Matter of Adam E. v Heather F, 151 AD3d at 1213-1215; Matter of Christine TT. v Gary W, 143 AD3d at 1086). In determining the best interests of the child, Family Court considered all of the relevant factors (see Matter of Williams v Williams, 151 AD3d at 1308). Given the foregoing, there is a sound and substantial basis in the record to support the court’s determination that limited supervised parenting time is appropriate (see Matter of Christine TT. v Gary W., 143 AD3d at 1085-1086; Matter of Raychelle J. v Kendell K., 121 AD3d 1206, 1208 [2014]; Matter of Taylor v Fry, 47 AD3d at 1131). Finally, with regard to the father’s contention that his parenting time should be supervised by his fiancée, rather than by the aunt, the court was well within its considerable discretion in rejecting this alternative under these circumstances (see Matter of Wormuth v Mathis, 58 AD3d 923, 924 [2009]; Matter of Taylor v Fry, 47 AD3d at 1132).
 

 McCarthy, J.P., Garry, Clark and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.