Matter of Donald EE. v Cheyenne EE. (2019 NY Slip Op 08457)





Matter of Donald EE. v Cheyenne EE.


2019 NY Slip Op 08457


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

526072

[*1]In the Matter of Donald EE., Appellant,
v
Cheyenne EE., Respondent. (Proceeding No. 1.)
In the Matter of Heidi FF., Respondent,
v
Donald EE., Appellant. (Proceeding No. 2.)

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Norbert A. Higgins, Binghamton, for Cheyenne EE., respondent.
Liam G.B. Murphy, Ithaca, for Heidi FF., respondent.
Lisa K. Miller, McGraw, attorney for the children.



Garry, P.J.
Appeal from a corrected order of the Family Court of Cortland County (Ames, J.), entered July 10, 2017, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject children.
Donald EE. (hereinafter the father) and respondent Cheyenne EE. (hereinafter the mother) are the parents of two daughters (born in 2011 and 2012). The mother and the father formerly had joint custody pursuant to a 2015 order that awarded primary residence to the mother and weekly supervised parenting time to the father. The order provided that no persons other than immediate family members were to participate in the father's visits. In June 2016, Family Court modified the order to remove the supervision requirement.
In July 2016, the father filed a modification petition seeking custody on the ground that the mother no longer lived with the children and had left them in the care of petitioner Heidi FF. (hereinafter the grandmother), the maternal grandmother. Shortly thereafter, the grandmother filed a petition seeking custody. In August 2016, the attorney for the children filed an order to show cause seeking to place temporary custody of the children with the grandmother. Family Court granted this relief. Thereafter, in October 2016, the attorney for the children filed another order to show cause seeking to require the father's visits to be supervised, and the court imposed this requirement.
The mother failed to appear at the scheduled fact-finding hearing, and Family Court found her to be in default. Following a two-day hearing, the court found that extraordinary circumstances existed based upon the mother's abandonment and the father's persistent neglect, such that the grandmother had standing to seek custody of the children. The court further concluded that an award of sole legal custody to the grandmother was in the children's best interests, with supervised visitation for the father. The father appeals.
"In a custody dispute between a parent and a nonparent, the parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [2015] [internal quotation marks and citations omitted]; see Matter of Melissa MM. v Melody NN., 169 AD3d 1280, 1281 [2019]). It is the nonparent's "heavy burden" to establish the existence of extraordinary circumstances (Matter of Donna SS. v Amy TT., 149 AD3d 1211, 1212 [2017]), a determination that must be based upon "the cumulative effect of all issues present in a given case, including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1304 [2017] [internal quotation marks and citations omitted]; accord Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1201 [2018]).
Family Court's determination that the father persistently neglected the children is supported by "a sound and substantial basis in the record" (Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286, 1289 [2012]). The court took judicial notice of an order entered against the father in a 2015 neglect proceeding that found, among other things, that the father had permitted persons with a history of sexual offenses against minors to have unsupervised contact with the children, that he did not properly meet the children's hygienic needs, that he harassed the mother, that he ignored extreme misbehavior by one of the children without providing appropriate discipline, and that he had become suicidal on one occasion and continued to have untreated mental health issues. The order required the father, among other things, to obtain a substance abuse evaluation and comply with treatment recommendations and to participate in mental health treatment with an anger management component. The father claimed that he had complied with these requirements, but provided no proof beyond his own testimony. The father further acknowledged that he continued to use marihuana. He claimed that he did not do so around the children, but Family Court credited testimony that he used marihuana during weekend visits with the children, and that he sometimes appeared to be under the influence of marihuana during supervised visits.
As for compliance with the other requirements of the order, the father acknowledged that the mental health treatment he had undergone did not address his 2015 suicide attempt. He asserted that he did not have anger management issues, but Family Court found that he had displayed uncontrolled anger in court on at least one occasion by walking out of an appearance and shouting a profane comment. The court further credited testimony that the father had angrily pushed one of the children hard enough to hurt her and, when she cried, told her, "I didn't hurt you that f***ing bad." Finally, the court found that the father was deceptive and did not follow court orders. He repeatedly violated the requirement that only immediate family members were to be present during his visits by residing in a trailer with nine or more unrelated people who were present during visits. He altered a drug test result in an effort to mislead the court, arrived at a supervised visit expecting to be arrested for petit larceny and was thereafter arrested in front of the children, and he refused to pay court-ordered child support. We agree with the attorney for the children that the record amply demonstrates that the father "engage[d] in gross misconduct or other behavior evincing an utter indifference and irresponsibility relative to the parental role" that rose to the level of persistent neglect and, thus, established extraordinary circumstances (Matter of Renee TT. v Britney UU., 133 AD3d 1101, 1102-1103 [2015] [internal quotation marks and citations omitted]; see Matter of Debra SS. v Brian TT., 163 AD3d at 1201-1202; Matter of Herrera v Vallejo, 107 AD3d 714, 715 [2013]; Matter of Rodriguez v Delacruz-Swan, 100 AD3d at 1288-1289).
The father raised no direct challenge to Family Court's determination that granting sole legal custody to the grandmother was in the children's best interests and we, thus, deem any related issues to be abandoned (see Matter of William O. v Wanda A., 151 AD3d 1189, 1191 n 2 [2017], lv denied 30 NY3d 902 [2017]). However, we note that the record reveals, among other things, that the children had lived with the grandmother for most of their lives, the grandmother had overcome certain previous substance abuse issues and had become an active member of a church that she attended regularly with the children, the grandmother communicated by text and email with the older child's kindergarten teacher and worked with the child at home, and the child's school performance and behavior had steadily improved.
As for the father's challenge to the reduction of his parenting time and the supervision requirement, "Family Court may properly order supervised visitation if it finds that unsupervised visitation would be detrimental to the children's safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Williams v Patinka, 144 AD3d 1432, 1433 [2016] [internal quotation marks and citations omitted]). In addition to the previously-discussed evidence regarding the father's persistent neglect, the record reveals that the children had been injured several times in the father's care, including an incident when one of the children fell into a campfire and sustained second-degree burns; there was evidence that the father delayed in seeking treatment for the child because he was intoxicated when the injury occurred. The court noted that it could have ordered the father not to consume marihuana or other illegal substances before or during visits, but the father had proven that he was deceitful and could not be trusted to comply with such an order. The court similarly found that the father could not be trusted to follow a directive not to use corporal punishment. Deferring to these credibility assessments, we find that the visitation schedule was not an abuse of the court's "considerable discretion" (Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286-1287 [2019]), and that the supervision requirement is supported by a sound and substantial basis in the record (see Matter of Vincente X. v Tiana Y., 154 AD3d 1113, 1115 [2017]; Matter of Christine TT. v Gary VV., 143 AD3d 1085, 1085-1086 [2016]; Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1171 [2015]).
Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the corrected order is affirmed, without costs.