Matter of Nicole Y. v Joshua X. (2020 NY Slip Op 02701)





Matter of Nicole Y. v Joshua X.


2020 NY Slip Op 02701


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529767

[*1]In the Matter of Nicole Y., Respondent,
v
Joshua X., Appellant.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Cliff Gordon, Monticello, for appellant.
Betty J. Potenza, Highland, for respondent.
Marcia Heller, Rock Hill, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered May 24, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Pursuant to an April 2018 order, petitioner (hereinafter the mother) and respondent (hereinafter the father) had joint legal custody of their two children (born in 2014 and 2016), with the mother having primary physical custody and the father having parenting time as agreed upon by the parties. In October 2018, following an incident in which the father inflicted serious physical injury upon her, the mother commenced this modification proceeding, seeking sole legal and primary physical custody of the children.[FN1] After a hearing, Family Court modified the April 2018 order by granting the mother sole legal and primary physical custody of the children and directing that the father receive two hours of supervised parenting time every other Sunday and "electronic communication" three times per week. The father appeals.
The father's sole contention on appeal is that Family Court should have awarded him more frequent supervised parenting time.[FN2] Generally, Family Court must fashion a parenting time schedule that accords the noncustodial parent frequent and regular access to the children, unless there is evidence that frequent parenting time would be contrary to the children's best interests (see Matter of Carl KK. v Michelle JJ., 162 AD3d 1273, 1275 [2018]; Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1049 [2014]). Family Court is afforded broad discretion in crafting an appropriate parenting time schedule in the best interests of the children (see Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1178 [2019]; Matter of Vincente X. v Tiana Y., 154 AD3d 1113, 1115 [2017]). So long as that schedule finds sound and substantial support in the record, we will not disturb it (see Matter of Sabrina B. v Jeffrey B., 179 AD3d 1339, 1340-1341 [2020]; Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1222 [2019]).
The testimonial, documentary and photographic evidence credited by Family Court established that the father struck the mother in the head in the presence of the children with such force as to knock her unconscious and that, without regard for the mother's condition, he thereafter left the home with the children, requiring them to walk past their injured and nonresponsive mother. The evidence demonstrated that the father kept the children away from the home for several hours after the attack without knowing the mother's condition and that, when he eventually brought the children home, they were dirty and the youngest child had a full diaper. The mother testified that the children were screaming and crying during the episode of domestic violence and that, in the months that followed, the youngest child would exhibit violent and mean behavior after he had video calls with the father. Although the father argues that the evidence did not establish a pattern of domestic violence, the mother testified that the father was physically and verbally abusive. The father chose not to testify and there was no contrary proof as to the mother's account. Upon consideration of the foregoing and our review of the entire record, we find that there is a sound and substantial basis to support Family Court's determination that the incident was "traumatic to the children" and that their best interests were served by biweekly supervised parenting time with the father (see Matter of Vincente X. v Tiana Y., 154 AD3d at 1115).[FN3] Accordingly, we will not disturb Family Court's order.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Based upon the same incident of domestic violence, the mother filed a family offense petition against the father, and the Sullivan County Department of Social Services filed a neglect petition against the father. Family Court's resolution of the neglect petition is the subject of a separate appeal (Matter of Alyssa X., ___ AD3d ___ [decided herewith]).

Footnote 2: The father concedes that a change in circumstances existed to warrant consideration of the children's best interests and, further, that the evidence supported Family Court's determination to direct that his parenting time be supervised.

Footnote 3: The attorney for the children supports Family Court's determination to provide the father with biweekly supervised parenting time, given Family Court's finding that the incident of domestic violence impacted the children's well-being and safety and, thus, warranted a neglect adjudication against the father (Matter of Alyssa X., ___ AD3d ___ [decided herewith]).