*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 2, 2016                    520909
_____

In the Matter of BRIAN J.
    NORMILE,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

NICOLE M. STALKER,
                    Appellant.
_____

Calendar Date:    April 19, 2016

Before:   Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Larisa Obolensky, Delhi, for respondent.

        Allen E. Stone, Vestal, attorney for the children.

_____

Aarons, J.

        Appeal from an order of the Family Court of Broome County (Young, J.), entered April 6, 2015, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons (born in 2005 and 2006).  Under a 2012 order, the parties shared joint legal custody of the children with each party having primary physical custody on alternating weeks.  In late 2013, the father was incarcerated.  While the father was incarcerated, the parties agreed to modify the existing custody arrangement.  Under the new arrangement, embodied in a 2013 order, the mother had primary

physical custody of the children and the father had visitation with the children every other weekend. The father was subsequently released from incarceration after a jury found him not guilty of the accused crime. In May 2014, the father commenced this proceeding seeking to modify the 2013 order and for sole custody of the children. After fact-finding and Lincoln hearings, Family Court granted the father's petition to the extent of awarding the parties joint legal custody of the children and restoring the prior physical custody schedule of alternating weeks. The mother appeals. We affirm.

Initially, when a party seeks a modification of an existing custody order, such party must first show a change in circumstances, and when this showing is satisfied, the court then undertakes a best interests of the children analysis to see if a modification is warranted (see Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016]; Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]). While Family Court's order did not specifically recite the facts forming its basis for finding a change in circumstances, because we have the authority to independently review the record and make this determination, it is unnecessary to remit the matter on this issue (see Matter of Martin v Mills, 94 AD3d 1364, 1365 [2012]). Since the issuance of the 2013 order, the father has been released from incarceration and now lives in a three-bedroom house near the children's school (see Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1170 [2015]; Matter of Kowatch v Johnson, 68 AD3d 1493, 1494 [2009], lv denied 14 NY3d 704 [2010]). Taking into consideration the children's preferences as a relevant factor, we conclude that there was a change in circumstances justifying an inquiry as to whether a modification of the 2013 order would serve the best interests of the children (see Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [2013]; Matter of Whitcomb v Seward, 86 AD3d 741, 742 [2011]; Matter of Meier v Meier, 79 AD3d 1295, 1295 [2010]).

Factors relevant to the best interests of the children analysis include "maintaining stability in the children's li[ves], the wishes of the children, the parties' fitness and ability to provide for the children's intellectual and emotional development, the willingness of each parent to foster a

relationship with the other, each parent's past performance and the quality of the respective home environments" (Matter of Valenti v Valenti, 57 AD3d 1131, 1133 [2008], lv denied 12 NY3d 703 [2009]). We accord due deference to Family Court's findings and credibility determinations and will not disturb them so long as they are supported by a sound and substantial basis in the record (see Matter of Trimble v Trimble, 125 AD3d 1153, 1154 [2015]; Matter of Poremba v Poremba, 93 AD3d 1115, 1117 [2012]; Matter of Robinson v Davis, 58 AD3d 1041, 1042 [2009]).

Here, the mother lives in a three-bedroom house with her boyfriend, with whom she has a son and daughter. When staying with the mother, the children share a bedroom with the mother's other son. The father also lives in a three-bedroom house where the children share their own room. The father attends the children's sporting events, he plays and reads books with the children, he takes them to their medical appointments, and there is nothing to suggest that he is unable to pay for their living expenses. The children also have a close relationship with their paternal grandmother, who arranged with the mother to continue interacting with the children when the father was incarcerated. Each party had reservations about the other party's ability to parent, raise and care for the children, but they are contradicted by the record in that the mother bathed the children each night and followed the instructions and advice of the children's medical professionals, and the father, when necessary, contacted the school to address any issues regarding the children's education.

Family Court found that the children were happy at both the mother's home and the father's home and that the children wished to spend an equal amount of time with them. The record thus reflects that an order of joint legal custody with each parent having physical custody on alternating weeks – an arrangement that gives each party equal time with the children – serves the best interests of the children. Although not determinative, the custody arrangement ordered by Family Court is consistent with the position of the attorney for the children (see Matter of Schnock v Sexton, 101 AD3d 1437, 1438 n [2012]). Accordingly, we believe that Family Court's determination has a sound and substantial basis and should not be disturbed (see Fermon v

<u>Fermon</u>, 135 AD3d 1045, 1046 [2016]; <u>Matter of Bailey v Blair</u>, 127 AD3d 1274, 1276 [2015]; <u>Matter of Whitcomb v Seward</u>, 86 AD3d at 744).

     Peters, P.J., Garry, Rose and Clark, JJ., concur.


     ORDERED that the order is affirmed, without costs.



     ENTER:

Robert D. Mayberger
Clerk of the Court