*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 20, 2016                521468
_____

In the Matter of LYNN TT.,
                    Respondent,

       v

JOSEPH O.,
                    Appellant.            MEMORANDUM AND ORDER

DELAWARE COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                    Proposed
                    Intervenor.

(And Three Other Related Proceedings.)
_____


Calendar Date:   September 8, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____


       Dennis B. Laughlin, Cherry Valley, for appellant.

       Christopher Hammond, Cooperstown, for respondent.

       Christine McCue, Central Bridge, attorney for the child.


                    _____


Egan Jr., J.

       Appeal from an order of the Family Court of Delaware County
(Becker, J.), entered July 2, 2015, which, among other things,
granted petitioner's applications, in two proceedings pursuant to
Family Ct Act article 6, to modify a prior order of custody and
visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter (born in 2009). Pursuant to an order entered on consent in August 2014, the parties were awarded joint legal custody of the child with residential custody to the mother and extensive visitation to the father. Less than three weeks later, the mother commenced the first of these proceedings seeking to modify the August 2014 order by requiring the father's visitations to be supervised and, further, compelling him to undergo mental health and substance abuse evaluations. This petition was grounded in allegations that the father had become intoxicated and engaged in acts of domestic violence against his then girlfriend – all in the presence of the parties' child. A few days later, the mother commenced a second modification proceeding seeking the same relief – this time based upon allegations that the father and his girlfriend had engaged in sexual activity with one another while the subject child was sleeping in the same bed with them. Shortly thereafter, the father filed two separate petitions seeking to modify and enforce the August 2014 order contending, among other things, that the mother had interfered with his visitation rights.

In October 2014, Family Court, upon request by the Delaware County Department of Social Services (hereinafter DSS), issued an order directing that the underlying petitions be amended to add DSS as an interested party. DSS then moved by order to show cause for certain relief and, pending the resolution thereof, Family Court granted DSS's request that the father's visitations be supervised by a neutral third party. Shortly thereafter, the mother and the father each underwent mental health evaluations, and the father was evaluated for substance abuse; no counseling or treatment recommendations were made for either party. These matters then proceeded to a fact-finding hearing, at the conclusion of which Family Court dismissed the father's petitions and granted the mother's modification petitions – continuing the prior award of joint legal custody but modifying the father's visitation schedule by directing that he have supervised visitation with the child on Sundays from 9:00 a.m. to 6:00 p.m. This appeal by the father ensued.

Preliminarily, we note that the father does not challenge the dismissal of his respective modification and enforcement petitions and, therefore, we deem any arguments in this regard to be abandoned (see Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 n [2010]). As to the mother's modification petitions, "[a] parent seeking to modify an existing custody [and visitation] order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016] [internal quotation marks and citations omitted]; see Matter of Schmitz v Schmitz, 139 AD3d 1123, 1123 [2016]). To that end, the mother offered the testimony of the father's now ex-girlfriend, who recounted an incident that occurred at her residence during the early morning hours of August 18, 2014. According to the ex-girlfriend, the father entered the bedroom where she and the subject child were sleeping, initiated a physical altercation with her, remarked how easy it would be to shoot her and demanded that she have oral sex with him — all in the presence of the child. The ex-girlfriend refused the father's advances and left the bedroom; shortly thereafter, the father and the child emerged, and the father indicated that he and the child were going home. Prior to leaving, the father said to the child, "[N]othing happened. You didn't see anything happen, did you . . .?", to which the child replied, "No daddy, nothing happened. Nothing happened. We don't need anybody but you and I, daddy. That's all we need." The ex-girlfriend then persuaded the father, who purportedly was intoxicated, to allow her to drive; while en route, the ex-girlfriend testified, the father continued to berate her, attempted to block her view of the road and stabbed her with a screwdriver. The ex-girlfriend eventually was able to pull over to the side of the road and summon law enforcement. The father denied that any such altercation occurred, no screwdriver was recovered from the vehicle and one of the responding officers testified that he saw no evidence that the father was intoxicated.

In addition to the foregoing, the mother also offered the testimony of the DSS caseworker who spoke with the child following the August 2014 incident. According to the caseworker, the child informed her that the father and the ex-girlfriend "had physically fought in her presence on more than one occasion" and "that the two of them [had] engaged in sexual activity when they were sleeping in the [same] bed with her." The caseworker further testified that the child told her that the father had "screamed at her" and "threatened to get rid of her pets" in retaliation for speaking with DSS officials and previously had induced her to make false allegations of maltreatment against the mother.

"[A]ccording due deference to Family Court's factual findings and credibility determinations" (Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1008 [2016] [internal quotation marks and citations omitted]), we are satisfied that the mother demonstrated the requisite change in circumstances, thus triggering an inquiry into whether — consistent with the child's best interests — modification of the prior order was necessary (see Matter of Fountain v Fountain, 130 AD3d 1107, 1108 [2015]; Matter of Pecore v Blodgett, 111 AD3d 1405, 1405-1406 [2013], lv denied 22 NY3d 864 [2014]). In this regard, "[t]he decision to order supervised visitation is left to Family Court's sound discretion and will only be disturbed by this Court when it lacks a sound and substantial basis in the record" (Matter of Raychelle J. v Kendell K., 121 AD3d 1206, 1207 [2014]; see Matter of Knight v Knight, 92 AD3d 1090, 1092 [2012]). Upon consideration of the record as a whole, including testimony regarding the father's apparent temper, documented history of domestic violence and admittedly extensive history of indicated child protective services reports,[1] we discern no basis upon which to disturb Family Court's decision to impose supervised visitation here (see Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [2010], lv denied 16 NY3d 701 [2011]).

---

[1] When asked how many indicated reports had been lodged against him, the father stated that it was "impossible to keep track" of the precise number and that he did not "even pay attention to them anymore."

The father's remaining contentions do not warrant extended discussion.  To the extent that the father asserts that Family Court erred in permitting DSS to intervene as an interested party to these proceedings, the record before us fails to reflect that the father lodged any objection in this regard.  Hence, this issue is unpreserved for our review.  Similarly, although the father now argues that Family Court erred in admitting into evidence certain mental health and substance abuse reports without the testimony of the authoring evaluators, we need note only that counsel for the father expressly consented to the admission of such reports during the course of the hearing.  Finally, although the father faults Family Court for failing to direct that DSS affirmatively assist the parties in locating an appropriate supervisor for the father's visitations, we are satisfied that the underlying order affords the father sufficient flexibility in securing an appropriate supervisor, thereby providing him with a meaningful opportunity to engage in visitations with his child.  The father's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Garry, J.P., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court