*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016               520004
_____

In the Matter of MICHEL HOYT,
                    Respondent,
          v                              MEMORANDUM AND ORDER

CHRISTINA DAVIS (JOHNSON),
                    Appellant.
_____


Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____


        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly Egan of counsel), for appellant.

        Michael Hoyt, Laurens, respondent pro se.

        Christine E. Nicolella, Delanson, attorney for the child.

_____


Rose, J.

        Appeal from an order of the Family Court of Otsego County
(Lambert, J.), entered October 9, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody and visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2003).
Pursuant to a February 2014 order entered on consent, the father
had sole legal and primary physical custody of the child and the
mother had a schedule of parenting time.  The order also provided
that the mother would engage in therapy to address her parental
alienation syndrome.  In April 2014, the father commenced this
modification proceeding seeking to decrease the mother's

parenting time and require that it be supervised.  Following fact-finding and Lincoln hearings, Family Court granted the father's request and also continued the provision requiring the mother to engage in therapy.

The mother appeals, arguing that Family Court erred in modifying the February 2014 order because the father failed to demonstrate a change in circumstances and, even if he did establish such a change, supervised visitation is not in the child's best interests.  We cannot agree.  It is well settled that the party "seeking a modification of an existing custody [and visitation] order must first show that a change in circumstances exists, and once this threshold showing is satisfied, the party must then demonstrate that modification of the order ensures the best interests of the child" (Matter of Coleman v Millington, 140 AD3d 1245, 1246 [2016]; see Matter of Lynn TT. v Joseph O., 143 AD3d 1089, 1091 [2016]).  Here, the father testified at the hearing that his decision to commence this proceeding was precipitated by an incident where, after returning from a weekend visitation with the mother, the child made comments indicating that he wanted to harm himself.  Family Court credited the testimony of the father and his wife that when they asked the child why he made the comments, the child responded that he had heard them from the mother.  In our view, this incident, coupled with the additional testimony regarding the child's generally distraught and emotional state after visitations with the mother, demonstrated the requisite change in circumstances warranting a review of the prior order.

Turning to the child's best interests, we note that "[t]he determination of whether visitation should be supervised is a matter left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Tina RR. v Dennis RR., 143 AD3d 1195, 1197 [2016] [internal quotation marks and citations omitted]; see Matter of Christine TT. v Gary VV., 143 AD3d 1085, 1085 [2016]).  Here, Family Court credited the testimony of the father and his wife describing the child's distraught state of mind after visitations with the mother.  In addition, the father indicated that the mother had previously forced the child to make false allegations of abuse against him, which negatively impacted

his relationship with the child.  Despite this, the father testified that the child "benefit[ed] greatly" from the supervised visitation with the mother that had been temporarily imposed during this proceeding.  The mother, for her part, merely denied making any statements about self-harm in the presence of the child.  The mother acknowledged, however, that Child Protective Services had founded a report against her and the local social services agency confirmed that, following an investigation pursuant to Family Ct Act § 1034, a report was indicated against her.  Finally, although not dispositive, the attorney for the child argues that supervised visitation with the mother is in the child's best interests (see Matter of Tina RR. v Dennis RR., 143 AD3d at 1199).  Upon consideration of the record as a whole, and after according deference to Family Court's factual findings and credibility determinations (see Matter of Holleran v Faucett, 143 AD3d 1205, 1206 [2016]), we discern no basis upon which to disturb Family Court's decision to decrease and supervise the mother's parenting time (see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1165 [2015], lv denied 26 NY3d 998 [2015]; Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1052-1053 [2014]).

As for the mother's remaining contentions, we are unpersuaded that Family Court erred in requiring her to engage in counseling, as this was a condition that she had agreed to in the prior order (see generally Posporelis v Posporelis, 41 AD3d 986, 991-992 [2007]).  We similarly reject the mother's contention that her attorney erred in failing to object to the father's testimony concerning events predating the prior order (see generally Matter of Baker v Baker, 283 AD2d 730, 731 [2001], lv denied 96 NY2d 720 [2001]).  Finally, upon our review of the record, we are satisfied that the mother received meaningful representation (see Matter of Bennett v Abbey, 141 AD3d 882, 884-885 [2016]; Matter of Coleman v Millington, 140 AD3d at 1248).

McCarthy, J.P., Garry, Mulvey and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court