■ SCOTT Q., Respondent, v JOY R., Appellant. [55 NYS3d 824]—

Per Curiam. Appeal from an order of the Supreme Court (Chauvin, J.), entered August 21, 2015 in Saratoga County, which, among other things, granted plaintiff's motion to modify a prior order of custody and visitation.

The underlying facts of this case are set forth in our decision

---

* A Judge of this Court granted a stay pending appeal.

in the parties' prior appeal (*Scott VV. v Joy VV.*, 103 AD3d 945 [2013], *lv denied* 21 NY3d 909 [2013]). Briefly, plaintiff (hereinafter the father) and defendant (hereinafter the mother) are the divorced parents of a daughter (born in 2006). As relevant here, a February 2011 order of Family Court (Hall, J.), which was incorporated by reference into the parties' 2014 judgment of divorce, granted the parties joint legal custody with the mother having primary physical custody and the father having supervised visitation with the child. In October 2014, the father moved by order to show cause for, among other things, unsupervised visitation with the child. After a hearing, Supreme Court, among other things, granted the father's request for unsupervised visitation and set forth a parenting time schedule for the parties. The mother appeals. We affirm.

"A parent seeking to modify an existing custody and visitation order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (*Matter of Lynn TT. v Joseph O.*, 143 AD3d 1089, 1091 [2016] [internal quotation marks, brackets and citations omitted]; *see Matter of Merwin v Merwin*, 138 AD3d 1193, 1194 [2016]; *Matter of Sparbanie v Redder*, 130 AD3d 1172, 1172-1173 [2015]). Although Supreme Court did not expressly state in its decision whether a change in circumstances existed to warrant a best interests of the child analysis, remittal is unnecessary given our authority to review the record and independently make this determination (*see Matter of Normile v Stalker*, 140 AD3d 1233, 1234 [2016]; *Matter of Christina KK. v Kathleen LL.*, 119 AD3d 1000, 1002-1003 [2014]).

The father testified that he complied with certain conditions delineated in the February 2011 order, namely that he complete a sexual abuse risk assessment, a polygraph examination and a sex offender treatment program (*see Matter of Alan U. v Mandy V.*, 146 AD3d 1186, 1187-1188 [2017]). There was also testimony from the father that the mother impeded or limited his supervised visitation with the child. In this regard, the father had difficulties finding a supervisor for his visitations with the child. When he was able to find one, the mother would contact that supervisor and, after such contact, that supervisor would no longer be available for future supervised visitations. The father further testified that the child changed schools, but the mother never consulted him about this change and only

informed him of such change after it had already occurred. Additionally, the father stated that the mother would not let him make decisions regarding the child's medical issues. In view of the foregoing, we find that the requisite change in circumstances exists in order to proceed to a best interests examination (*see Matter of Crystal F. v Ian G.*, 145 AD3d 1379, 1381-1382 [2016]; *Matter of Williams v Rolf*, 144 AD3d 1409, 1411 [2016]; *Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]).

"The best interests of the children generally lie with a healthy, meaningful relationship with both parents" (*Matter of Tina RR. v Dennis RR.*, 143 AD3d 1195, 1197 [2016] [citation omitted]). Whether visitation should be supervised is a determination that lies in the sound discretion of the court and will not be disturbed when supported by a sound and substantial basis in the record (*see Matter of Hoyt v Davis*, 145 AD3d 1353, 1354 [2016]; *Matter of Raychelle J. v Kendell K.*, 121 AD3d 1206, 1207 [2014]).

The testimony from the hearing establishes that the father received sexual abuse counseling based on a prior wrongful act involving his other daughter and continued to do so at the time of the hearing. The father's psychotherapist testified that he saw no reason why the father's visitation with the child should be supervised. One of the father's colleagues who supervised dozens of visits stated that the father and the child had a loving relationship and that the child did not express any fear with him. Another colleague who supervised visits testified that the father and the child had "a good time joking back and forth" and that they had a normal father-daughter relationship. Jacqueline Bashkoff, the court-appointed evaluator who met with the parties and the child, testified that the father complied with the conditions set forth in the February 2011 order, as well as all aspects of supervised visitation. According to Bashkoff, the child "bonded to her father, appear[ed] to love her father, [and was] not scared of him," and she noted in her report that the child appeared "comfortable, engaging and interactive" when with the father. Bashkoff opined that the father should have unsupervised visitation with the child and made such recommendation "wholeheartedly with no reservations."

To the extent that the mother, who did not testify, adduced conflicting evidence, Supreme Court's factual findings and credibility assessments are accorded great deference (*see Matter of Matthew K. v Beth K.*, 130 AD3d 1272, 1274 [2015]; *Matter of Goodale v Lebrun*, 307 AD2d 397, 398 [2003]). Indeed, Supreme Court's decision reflects its consideration of all of the evidence

and, even though the court described the psychologist called by the mother as "a very credible witness," we have no quarrel with the court's ultimate finding that "the weight of the evidence is clearly in favor of the [father]." Based on the foregoing, we discern no basis to disturb Supreme Court's determination to award the father unsupervised visitation (*see Matter of Tina RR. v Dennis RR.*, 143 AD3d at 1199; *Matter of Johnson v Johnson*, 13 AD3d 678, 679 [2004]).*

Finally, the mother's challenges to Supreme Court's evidentiary rulings are either unpreserved or lack merit. The mother's contention that Supreme Court failed to conduct a *Lincoln* hearing is likewise unpreserved given the absence of any request that such hearing be held (*see Matter of Gallo v Gallo*, 138 AD3d 1189, 1191 [2016]; *Matter of Battin v Battin*, 130 AD3d 1265, 1266 [2015]).

Garry, J.P., Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that, even though not determinative, Supreme Court's determination is in accord with the position of the attorney for the child (*see Matter of Klee v Schill*, 95 AD3d 1599, 1602 n 5 [2012]).