Matter of Janeen MM. v Jean-Philippe NN. (2020 NY Slip Op 02830)





Matter of Janeen MM. v Jean-Philippe NN.


2020 NY Slip Op 02830


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

527527

[*1]In the Matter of Janeen MM., Respondent,
v
Jean-Philippe NN., Appellant. (And Two Other Related Proceedings.)

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Tracey A. Donovan Laughlin, Oneonta, for respondent.
Christopher Hammond, Cooperstown, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered July 16, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2013). Under a prior order of custody, the mother had sole legal and physical custody of the child with the father's visitation being suspended subject to any future petitions being filed. A January 2018 order modified this prior order by awarding the father unsupervised visitation with the child every Sunday for two hours, which would take place either at the father's home or in a public place. The mother commenced the first of these proceedings seeking to modify the January 2018 order by requiring that the father's visitation occur only in a public place. The father filed a competing modification petition seeking to increase his visitation time. In a July 2018 order, Family Court directed that the father's visitation occur in a public place as supervised by the child's maternal grandfather and ordered the father to undergo a substance abuse evaluation. The court also directed that the father's visitation would increase and be unsupervised "[u]pon either the father obtaining an evaluation that indicates no treatment is necessary, or being successfully discharged from the treatment facility if treatment is recommended." The father appeals.[FN1]
A party seeking to modify a prior order of visitation must first demonstrate a change in circumstances since the entry of such order so as to trigger an analysis as to whether modification would serve the best interests of the child (see Matter of Simmes v Hotaling, 166 AD3d 1329, 1330 [2018], lv dismissed and denied 33 NY3d 1043 [2019]; Matter of Richard II. v Stephanie JJ., 163 AD3d 1073, 1074 [2018]). Although Family Court never made any finding as to this issue, it is unnecessary to remit the matter for such purpose given our independent authority to make this determination and because the record is sufficiently developed for us to do so (see Matter of Normile v Stalker, 140 AD3d 1233, 1234 [2016]). That said, in view of the evidence of drug paraphernalia found at the father's residence, the father's conviction for drug possession and driving under the influence of drugs and an indicated report against the father for drug misuse and inadequate guardianship, we find that a change in circumstances existed since the January 2018 order so as to warrant an inquiry into the best interests of the child (see Matter of Kevin F. v Betty E., 154 AD3d 1118, 1121 [2017]; Matter of Bradley D. v Andrea D., 144 AD3d 1417, 1418-1419 [2016]; Matter of Balram v Balram, 53 AD3d 808, 810 [2008], lv denied 11 NY3d 708 [2008]).
In addition to the foregoing evidence, the record discloses that the mother smelled marihuana several times from outside the father's residence, a Child Protective Services caseworker indicated that a "white powder substance" was discovered in the father's residence and the father admitted to ingesting food infused with marihuana. The father testified that he did not use marihuana during his visitation with the child, but Family Court found that his testimony was "conflicted." Deferring to the court's assessment of witness credibility and taking into account the court's discretion to fashion visitation restrictions, including the supervision requirement (see Scott Q. v Joy R., 151 AD3d 1206, 1208 [2017], lv denied 29 NY3d 919 [2017]), we see no basis to disturb the court's determination as to visitation (see Matter of Williams v Patinka, 144 AD3d 1432, 1434 [2016]; Matter of Christine TT. v Gary VV., 143 AD3d 1085, 1086 [2016]; Matter of Keen v Stephens, 114 AD3d 1029, 1031 [2014]). To the extent that the father contends that the court erred in failing to conduct a Lincoln hearing, such contention is unpreserved in the absence of a request for one at the hearing (see Matter of Ayesha FF. v Evelyn EE., 160 AD3d 1068, 1071 [2018], lv dismissed and denied 31 NY3d 1131 [2018]; Scott Q. v Joy R., 151 AD3d at 1209).
Finally, we reject the father's challenge to that part of the order directing him to undergo a substance abuse evaluation and, if necessary, treatment, because Family Court may direct a parent to do so as a component of visitation (see Matter of Saggese v Steinmetz, 83 AD3d 1144, 1145 [2011], lv denied 17 NY3d 708 [2011]; Matter of Caccavale v Brown, 271 AD2d 717, 719 [2000]). Nor did the court improperly place a condition upon the father's future access with the child, given that the father already had supervised visitation with the child. Inasmuch as "the court did not condition [the father's] right to any parenting time with the child on hi[m] obtaining therapy" (Posporelis v Posporelis, 41 AD3d 986, 992 [2007]; see Matter of Cory O. v Katie P., 162 AD3d 1136, 1139 [2018]), the evaluation/treatment provision in the July 2018 order was proper.
Lynch, J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the child did not file a notice of appeal and, therefore, any affirmative relief requested beyond what the father seeks is not properly before us (see Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1293 [2019]).