Matter of Jorge JJ. v Erica II. (2021 NY Slip Op 01165)





Matter of Jorge JJ. v Erica II.


2021 NY Slip Op 01165


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

526982 526983

[*1]In the Matter of Jorge JJ., Appellant,
v
Erica II., Respondent. (Proceeding No. 1.)
In the Matter of Erica II., Respondent,
v
Jorge JJ., Appellant. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Dennis B. Laughlin, Cherry Valley, for appellant.
Geanine Towers, New York City, for respondent.
Allen E. Stone Jr., Vestal, attorney for the child.



Egan Jr., J.
Appeals (1) from an order of the Family Court of Broome County (Young, J.), entered June 8, 2018, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of visitation, and (2) from an order of said court, entered June 8, 2018, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Jorge JJ. (hereinafter the father) and Erica II. (hereinafter the mother) are the parents of the subject child (born in 2010). In February 2013, Family Court entered a custody and visitation order granting the parties' joint legal custody and the mother primary physical placement of the child, with a parenting schedule that provided the father with weekly visitation from Friday at 5:00 p.m. until Monday at 5:00 p.m. In May 2014, the father filed a violation petition alleging that the mother had willfully violated the prior order by refusing to present the child for visitation. Contemporaneously, the Broome County Department of Social Services (hereinafter DSS) was investigating certain allegations of neglect against the father that ultimately culminated in the filing of a neglect petition in September 2014. Based on the allegations in the neglect petition, Family Court placed the father under DSS supervision, restricted his parenting time with the child to supervised visitation and held all other then-pending non-neglect petitions in abeyance pending the outcome of the neglect proceeding.[FN1]
Following a protracted fact-finding hearing, in February 2017, Family Court adjudicated the subject child to have been neglected and required the father to participate in a sexual abuse program, complete a parenting class and undergo a mental health assessment and follow through with any treatment recommendations.[FN2] Family Court also kept the father under DSS supervision for a period of one year and continued the supervised parenting schedule previously in effect. Following disposition of the neglect petition, the father's May 2014 violation petition was returned to Family Court's docket and the mother and the father were directed to file amended modification petitions with respect to their then-pending custody and visitation petitions.
On August 17, 2017, the mother and the father filed their respective petitions seeking modification of the prior order of custody and visitation, with the mother seeking sole custody of the child with supervised parenting time to the father, and the father seeking custody of the child or, alternatively, a 50/50 shared physical custody arrangement. Following a fact-finding hearing, Family Court granted the mother sole legal and physical custody of the child, with supervised parenting time to the father for a minimum of two hours per week. The father appeals.
Preliminarily, although the father purports to appeal from Family Court's [*2]June 8, 2018 order dismissing his petition seeking to hold the mother in willful violation of a prior order of custody and visitation, he did not raise any arguments in his brief with respect to this contention. Accordingly, we deem the father's appeal from said order to be abandoned (see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, ___, 2021 NY Slip Op 00059, *2 n 2 [2021]; Matter of Sean Q. v Sarah Q., 156 AD3d 1173, 1173 n [2017]).
Turning to the modification petitions, a party seeking modification of a prior order of custody and visitation "bears the threshold burden to show a change in circumstances since entry thereof warranting an inquiry into the child's best interests" (Matter of Matthew DD. v Amanda EE., 187 AD3d 1382, 1382 [2020] [internal quotation marks and citations omitted]; see Matter of Bonnie AA. v Kiya DD., 186 AD3d 1784, 1786 [2020], lv dismissed and denied, 36 NY3d 933 [2020]). Although Family Court did not explicitly find that a change in circumstances had occurred since entry of the prior custody and visitation order, our independent review of the record reveals that, since entry thereof, the father has been determined to have committed a family offense against the mother, he has been adjudicated to have neglected the subject child and ordered to engage in various services, and his visitation has been reduced from unsupervised to supervised. Based on the foregoing, we are satisfied that the requisite change in circumstances was demonstrated (see Matter of Kathleen K. v Daniel L., 177 AD3d 1130, 1132 [2019]; Matter of Mark RR. v Billie RR., 95 AD3d 1602, 1602-1603 [2012]).
Turning to the best interests of the child, the father's sole contention on appeal is that Family Court's determination to impose continued supervised visitation between him and the child was not supported by a sound and substantial basis in the record. We disagree. "The guiding principle in fixing a visitation schedule is the best interests of the child, and it is well settled that the best interests of a child generally lie with a healthy, meaningful relationship with both parents" (Matter of Michael U. v Barbara U., 189 AD3d 1909, 1910 [2020] [internal quotation marks, brackets and citations omitted]). As relevant here, Family Court may order supervised visitation where circumstances demonstrate that "unsupervised visitation would be detrimental to the child['s] safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Williams v Patinka, 144 AD3d 1432, 1433 [2016] [internal quotation marks and citations omitted]; see Matter of Sandra R. v Matthew R., 189 AD3d 1995, 1997 [2020]). Family Court has broad discretion in determining whether supervised visitation is warranted, and we will not disturb its determination where it is supported by a sound and substantial basis in the record (see Matter of Janeen MM. v Jean-Philippe NN., 183 AD3d 1029, 1030-1031 [2020], lv dismissed 35 NY3d [*3]1079 [2020]; Matter of Donald EE. v Cheyenne EE., 177 AD3d 1112, 1115-1116 [2019], lvs denied 35 NY3d 903 [2020]).
The evidence at the fact-finding hearing established that Family Court previously adjudicated the father to have neglected the child, finding that he had, among other things, repeatedly made unsubstantiated allegations of sexual abuse against the mother and her boyfriend to both DSS and law enforcement, unjustifiably subjected the child to regular physical examinations of her vaginal area and had coached the child to make false allegations against the mother and her family members during the child's interviews with caseworkers and other investigators (see Matter of Ellysha JJ. [Jorge JJ.], 173 AD3d 1287, 1288-1289 [2019], lv denied 34 NY3d 901 [2019]). The father was also found to have committed the family offense of harassment after he subjected the mother to harassing behavior, which resulted in an order of protection being issued against him in favor of the mother (see Matter of Erica II. v Jorge JJ., 165 AD3d 1390, 1391-1392 [2018]). As a result of the neglect disposition, Family Court directed the father to engage in a sexual abuse program and a parenting class and to undergo a mental health assessment. The father, however, steadfastly maintained that, despite Family Court's prior findings, he has done nothing wrong and insisted that he would continue to parent in the same manner that he has throughout the duration of these proceedings were he to gain custody of or obtain more expansive visitation with the child. He failed to acknowledge any issues with his prior behavior and, to date, has refused to adequately comply with the court-ordered conditions imposed as part of Family Court's neglect adjudication. On the other hand, the mother has had sole physical custody of the child for several years, she is employed and has maintained a stable home environment and she has provided for the child's overall well-being. Although she acknowledged that the child loves the father and is not averse to the father exercising his parenting time, she wants supervised visitation maintained until such time as the father has demonstrated his compliance with the conditions previously imposed by Family Court. Having reviewed the record, and in consideration of the father's unwillingness to acknowledge Family Court's prior findings, his underlying behavior and his refusal to comply with court-ordered conditions and services, we find a sound and substantial basis in the record to support Family Court's determination that it is in the best interests of the child to maintain supervised visitation between the father and the child (see Matter of Curtis D. v Samantha E., 182 AD3d 655, 657-658 [2020]; Matter of Lynn X. v Donald X., 162 AD3d 1276, 1277-1278 [2018]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The mother subsequently filed a family offense petition against the father alleging that he committed the family offenses of harassment and stalking and, following a fact-finding hearing, Family Court granted the mother's petition to the extent that it found that the father had committed the family offense of harassment. In January 2017, the court issued a full stay-away order of protection against the father in favor of the mother for a period of one year and, upon the father's appeal, this Court affirmed (Matter of Erica II. v Jorge JJ., 165 AD3d 1390 [2018]).

Footnote 2: On appeal, this Court affirmed Family Court's neglect finding (Matter of Ellysha JJ. [Jorge JJ.], 173 AD3d 1287 [2019], lv denied 34 NY3d 901 [2019]).