Matter of Misty PP. v Charles PP. (2022 NY Slip Op 04212)

Matter of Misty PP. v Charles PP.

2022 NY Slip Op 04212

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533676
[*1]In the Matter of Misty PP., Respondent,
v
Charles PP., Appellant.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
CDH Law PLLC, Syracuse (Clifton C. Carden III of counsel), for respondent.
Joan E. Mencel, Endwell, attorney for the children.

Aarons, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 25, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2007 and 2009). A judgment of divorce incorporated the parties' custody agreement wherein they shared joint legal custody of the children with the mother having primary physical custody and the father having parenting time. In 2020, the mother commenced this modification proceeding. Following fact-finding and Lincoln hearings, Family Court granted the petition and awarded the mother sole legal and physical custody of the children. The court also set forth a schedule of parenting time for the father that increased each year provided that the father exercised his allotted parenting time. The father appeals.
Regarding whether the mother met her threshold burden of proving a change in circumstances, Family Court found, and the record confirms, that the parties' communication and relationship had deteriorated such that joint custody was no longer feasible. Indeed, as the court noted, the father reported the mother to law enforcement alleging that she had abused the children and subjected them to human trafficking. Yet, the father admitted that he had no evidence of abuse or human trafficking involving the children and that the only basis for these allegations was that the mother had sent him a passport application for the children. Accordingly, the requisite change in circumstances was established (see Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1103 [2021]; Matter of Nicole B. v Franklin A., 185 AD3d 1166, 1167 [2020]).
As to the best interests of the children, Family Court found that the mother had been the primary caretaker of the children, that she had suitable housing for the children, that she scheduled and took the children to their medical appointments, that she encouraged a relationship between the children and the father, that she handled the logistics for the children's virtual schooling and that the children were progressing well in school. The court further noted that the mother was more involved in the children's lives than the father and also took into account the father's medical condition as potentially endangering the children (see Matter of Carnrike v Kasson, 291 AD2d 680, 682 [2002]), as well as his baseless reports of abuse and human trafficking. Given that the court's findings are supported by a sound and substantial basis in the record, its determination to award sole legal and physical custody of the children to the mother will not be disturbed (see Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1357-1358 [2022]; Matter of Vickie F. v Joseph G., 195 AD3d 1064, 1068-1069 [2021]; Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1167-1168 [2020]; Matter of Holle [*2]v Holle, 55 AD3d 991, 992 [2008]).[FN1]
As to visitation, Family Court retains broad discretion in creating a parenting schedule that is consistent with the best interests of the children (see Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1178 [2019]; Matter of Vicente X. v Tiana Y., 154 AD3d 1113, 1115 [2017]). Having reviewed the entire record, and because the father was provided with meaningful access, the court's parenting time schedule will not be upset (see Matter of LaBaff v Dennis, 160 AD3d 1096, 1097-1098 [2018]). Finally, although not determinative, the court's custody and visitation determination is in accord with the position of the attorney for the children (see Matter of Normile v Stalker, 140 AD3d 1233, 1235 [2016]). The father's remaining assertions have been considered and are unavailing.
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Even if the father was correct that Family Court erred in admitting hearsay evidence, any error was harmless (see Matter of Bartlett v Jackson, 47 AD3d 1076, 1078 [2008], lv denied 10 NY3d 707 [2008]).