Matter of William Z. v Kimberly Z. (2023 NY Slip Op 00352)

Matter of William Z. v Kimberly Z.

2023 NY Slip Op 00352

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

533118
[*1]In the Matter of William Z., Respondent,
v
Kimberly Z., Appellant. (Proceeding No. 1.)
In the Matter of William Z., Respondent,
v
Kimberly Z., Appellant. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date:December 15, 2022 

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Allen E. Stone Jr., Vestal, attorney for the children.

Garry, P.J.
Appeal from a corrected order of the Family Court of Cortland County (David C. Alexander, J.), entered March 19, 2021, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2009 and 2010). In the summer of 2019, the mother, the father and the children began living in the home of the maternal grandfather. In September 2019, the father became concerned with the grandfather's behavior after discovering the grandfather in the bathroom while one child was showering and, the next morning, in the children's bedroom before they were awake. Eventually, the children told the father that the grandfather was sexually abusing them. Afterward, the mother, the father and the children met to discuss the children's allegations. Following that discussion, the mother continued living in the grandfather's home, and the children returned to living with the father in the family's home. The father later learned that the children had already told the mother about the grandfather's abuse and that she had instructed them not to tell anyone, including the father. Thereafter, in February 2020, the father filed a family offense petition, alleging that the mother had endangered the welfare of the children by failing to address their allegations about the grandfather's abuse and allowing the abuse to continue. In March 2020, the father filed an initial custody petition, seeking sole custody of the children and to deny the mother visitation. Following a fact-finding hearing and a Lincoln hearing, Family Court dismissed the father's family offense petition, on consent, granted sole custody to the father and denied the mother visitation. The mother appeals.
In an initial custody determination, Family Court's paramount consideration is the best interests of the children (see Matter of Steven U. v Alisha V., 209 AD3d 1184, 1184 [3d Dept 2022]; Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1355 [3d Dept 2022]). The factors to be considered include "the quality of the parents' respective home environments, the need for stability in the child[ren]'s li[ves], each parent's willingness to promote a positive relationship between the child[ren] and the other parent and each parent's past performance, relative fitness and ability to provide for the child[ren]'s intellectual and emotional development and overall well-being" (Matter of Patricia RR. v Daniel SS., 172 AD3d 1471, 1472 [3d Dept 2019] [internal quotation marks and citation omitted]; accord Matter of Shirreece AA. v Matthew BB., 195 AD3d 1085, 1087 [3d Dept 2021]). As Family Court is in a superior position to assess witness credibility, we defer to its findings and will not disturb its determination so long as it is supported by a sound and substantial basis in the record (see Matter of Lorimer v Lorimer, 167 [*2]AD3d 1263, 1264 [3d Dept 2018], appeal dismissed & lv denied 33 NY3d 1040 [2019]; Matter of Spoor v Carney, 149 AD3d 1209, 1210 [3d Dept 2017]).
Contrary to the mother's argument, the testimony of the children's three mental health counselors, each of whom Family Court found credible, provided ample basis for the court's conclusion that the sexual abuse alleged took place and that the mother was aware of it but took no action to investigate the allegations or protect her children from their abuser. Although the mother and the grandfather dispute the children's allegations, the conflicting testimony presented a credibility determination for the court to resolve (see Matter of Colvin v Polhamus, 145 AD3d 1350, 1352 [3d Dept 2016]; Matter of Addie F., 22 AD3d 986, 987 [3d Dept 2005]), and we discern no basis for disturbing the court's determination. That exposing the children further to the mother, who continues to deny that the abuse took place, would retraumatize them was explicitly supported by the counselors' testimony, two of whom concluded that such a consequence is likely.[FN1] Accordingly, there is a sound and substantial basis in the record for the court's award of sole custody to the father (see Matter of Nicole V. v Jordan U., 192 AD3d 1355, 1358 [3d Dept 2021]; Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 745-746 [3d Dept 2020]).
As to Family Court's denial of visitation, a noncustodial parent enjoys a presumption that visitation will be granted; indeed, "[t]he denial of visitation to a noncustodial parent is a drastic remedy that may be ordered only if compelling reasons and substantial evidence exist showing that visitation would be detrimental to the child's welfare" (Matter of Jessica D. v Michael E., 182 AD3d 643, 644 [3d Dept 2020]; see Matter of William V. v Christine W., 206 AD3d 1478, 1481 [3d Dept 2022]). Nonetheless, the presumption may be rebutted where a preponderance of the evidence demonstrates that visitation would be harmful to the children's welfare or contrary to their best interests (see Matter of Granger v Misercola, 21 NY3d 86, 90-92 [2013]; Matter of Ajmal I. v LaToya J., 209 AD3d 1161, 1163 [3d Dept 2022]).
Again, the credible evidence here established that further contact between the mother and the children would likely retraumatize them and thus be harmful to their welfare. Notably, this position was supported by the attorney for the children, both at trial and upon appeal (see Matter of Misty PP. v Charles PP., 206 AD3d 1532, 1533-1534 [3d Dept 2022]). We further note that the mother now specifically seeks therapeutic visitation with the children in the alternative. Although Family Court should have considered this type of visitation, the record does not support such an award at this time. Rather, the record makes clear that the mother has failed to address, or even acknowledge, her involvement in the subject abuse via her own existing counseling.[FN2] Accordingly, we find that Family Court's determination to [*3]deny the mother visitation with the children is supported by a sound and substantial basis in the record (see Matter of Angela H. v St. Lawrence County Dept. of Social Servs., 180 AD3d 1143, 1149 [3d Dept 2020]; cf. Matter of Ajmal I. v LaToya J., 209 AD3d at 1164). The remaining arguments have been considered and found to be without merit.
Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the corrected order is affirmed, without costs.

Footnotes

Footnote 1: The third counselor declined to predict whether retraumatization would occur.

Footnote 2: Such visitation may of course be sought in the future in a modification proceeding upon a change in circumstances.