Matter of Tara DD. v Seth CC. (2023 NY Slip Op 01114)

Matter of Tara DD. v Seth CC.

2023 NY Slip Op 01114

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

532702
[*1]In the Matter of Tara DD., Respondent,
v
Seth CC., Appellant. (And Another Related Proceeding.)

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Dennis B. Laughlin, Cherry Valley, for appellant.
Karen A. Leahy, Cortland, for respondent.
Michelle E. Stone, Vestal, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Tompkins County (John C. Rowley, J.), entered November 13, 2020, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2009). Pursuant to a September 2018 custody order on agreement, the mother was granted sole legal custody and primary placement of the child with the father having a set schedule of parenting time on alternating weekends.[FN1] The mother thereafter filed a petition to modify the prior order, seeking to limit the father's parenting time. After ordering an investigation pursuant to Family Ct Act § 1034, Family Court issued a temporary order limiting the father's parenting time to supervised or public place visitation. The father answered and filed a cross-petition seeking joint custody and increased parenting time.
After a fact-finding hearing and a Lincoln hearing, Family Court issued a written decision granting the mother's petition and dismissing the father's cross-petition. Family Court determined that the mother had established a change in circumstances based upon the father's failure to properly supervise the child, evidence that the father had permitted a marihuana-growing operation in his home and the father's "serious deficiencies in housekeeping." Further, Family Court determined that unsupervised parenting time with the father was not in the child's best interests. The court then issued a final order of custody, consistent with its findings, which granted the mother sole legal custody and primary placement, with the father having certain supervised and/or public place visitation with the child. The father appeals.[FN2]
We affirm. "A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022] [internal quotation marks and citations omitted]). "A change in circumstances is demonstrated through new developments or changes that have occurred since the previous custody order was entered" (Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1408 [3d Dept 2019], lv denied 34 NY3d 902 [2019]). Noting Family Court's superior position in terms of its ability to directly observe and evaluate any witnesses during a fact-finding hearing, "we accord great deference to its factual findings and credibility assessments and will not disturb its determination if supported by a sound and substantial basis in the record" (Matter of Andrea II. v Joseph HH., 203 AD3d 1356, 1358 [3d Dept 2022] [internal [*2]quotation marks and citation omitted]; see Matter of Joseph II. v Brandy JJ., 210 AD3d 1315, 1319 [3d Dept 2022]).
Without fully recounting the extensive testimony and other evidence submitted at the fact-finding hearing, it is our view that the record firmly supports Family Court's determination that a change in circumstances occurred since the entry of the September 2018 order. Family Court found, and the record confirms, that the child had exhibited concerning behavior during past interactions with other children, including his paternal half siblings who were often present at the father's home, and that the father was aware of those behavioral issues and the risks they posed to the child and others. Despite his prior knowledge of the child's behavioral issues, an incident between the subject child and one of his paternal half siblings occurred while under the father's care, which was directly attributable to his failure to provide adequate supervision. Contrary to the father's contention, although this event allegedly occurred in the summer of 2018, before entry of the custody order that the parties were seeking to modify through this proceeding, it was not reported until November 2018 and, as such, may properly satisfy the change in circumstances requirement (see Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [3d Dept 2014]; see also Matter of Ayesha FF. v Evelyn EE., 160 AD3d 1068, 1069-1070 [3d Dept 2018], lv dismissed & denied 31 NY3d 1131 [2018]; Matter of Tracey L. v Corey M., 151 AD3d 1209, 1211 [3d Dept 2017]). Further, we reject the father's assertion that the Family Ct Act § 1034 investigation into an alleged marihuana-growing operation at his home, which was ultimately deemed unfounded, conclusively resolves this issue in his favor. Family Court was free to credit the testimony and photographic evidence of the growing operation presented during the fact-finding hearing, which, alongside the Family Ct Act § 1034 report noting the father's suspicious conduct and the strong odor of marihuana in the home during the investigators' initial visit, provide ample evidence supporting that allegation (see generally Janeen MM. v Jean-Philippe NN., 183 AD3d 1029, 1030-1031 [3d Dept 2020], lv dismissed 35 NY3d 1079 [2020]; Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1502 [3d Dept 2019], lvs denied 34 NY3d 904 [2019]). Finally, the record establishes that there were ongoing hygienic concerns with the father's primary residence, evidenced by several reported instances of the paternal half siblings contracting lice, pinworms and scabies following visits with the father (see Matter of Michael GG. v Melissa HH., 97 AD3d 993, 994 [3d Dept 2012]; Matter of Drew v Gillin, 17 AD3d 719, 720-721 [3d Dept 2005]).[FN3]
As the record satisfactorily confirms the requisite change in circumstances, we turn to whether Family Court's custodial determination is in the best interests of the child. While "the best interests of a child [generally] lie in having a healthy [*3]and meaningful relationship with the noncustodial parent . . . , Family Court has the discretion to impose supervised visitation if it determines that unsupervised visitation would be detrimental to the child's safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Michael NN. v Robert OO., 210 AD3d 1326, 1326-1327 [3d Dept 2022] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Jorge JJ. v Erica II., 191 AD3d 1188, 1191 [3d Dept 2021]). "Ultimately, Family Court has broad discretion in determining whether supervised visitation is warranted, and its decision will only be disturbed by this Court when it lacks a sound and substantial basis in the record" (Matter of Michael U. v Barbara U., 189 AD3d 1909, 1911 [3d Dept 2020] [internal quotation marks and citation omitted]; see Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 767 [3d Dept 2021]).
Here, the record provides ample support for Family Court's determination that supervised and/or public place visitation was appropriate. Although the father testified that he intended to have the child stay overnight at his primary residence, the aforementioned issues with the cleanliness of that environment, which remained unresolved at the time of the hearing, supported the court's determination that overnight visits were inappropriate at that juncture.[FN4] Further, the father's failure to appreciate the child's behavioral issues and his past willingness to flout court orders imposing conditions on visitation with both the child and a paternal half sibling establishes that supervised visitation was appropriate (see Matter of Michael U. v Barbara U., 189 AD3d at 1912-1913). Finally, although not determinative, we note that the attorney for the child supported the mother's petition and the limited visitation arrangement, asserting that the child had demonstrated marked improvement in his behavior at school and had otherwise benefited from the arrangement and, consistent with that position, the attorney for the child on this appeal advocates in favor of maintaining the current visitation schedule (see Matter of Misty PP. v Charles PP., 206 AD3d 1532, 1533-1534 [3d Dept 2022]; Matter of Christopher WW. v Avonna XX., 202 AD3d 1425, 1427 n [3d Dept 2022]). Accordingly, having reviewed the totality of the evidence in the record and giving due consideration to the position of the attorney for the child, we are satisfied that Family Court's determination to impose supervised and/or public place visitation with the father should not be disturbed at this time (see Matter of Michael NN. v Robert OO., 210 AD3d at 1328; Matter of Janeen MM. v Jean-Philippe NN., 183 AD3d at 1030-1031; Matter of Aree RR. v John SS., 176 AD3d 1516, 1518 [3d Dept 2019]). The father's remaining contentions have been examined and lack merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed[*4], without costs.

Footnotes

Footnote 1: On appeal from the September 2018 order, this Court reversed and remitted the matter to Family Court for further proceedings concerning, among other things, the mother's petition to modify a prior April 2017 custody order (Matter of Tara DD. v Seth CC., 180 AD3d 1194 [3d Dept 2020]). However, the mother had already commenced this proceeding seeking to modify the September 2018 order that culminated in the current order on appeal.
Footnote 2: Although Family Court initially stated that the proceeding was limited to a change in visitation and not custody, the court's final order expressly denied the father's cross-petition seeking joint custody and determined that it was in the child's best interests to maintain the current arrangement, which afforded the mother sole custody and primary placement of the child. Nonetheless, the father does not raise any issues on appeal with respect to Family Court's custody determination and we therefore deem any such challenge to have been abandoned (see Matter of Michael U. v Barbara U., 189 AD3d 1909, 1909 n 1 [3d Dept 2020]; Matter of Hempstead v Hyde, 144 AD3d 1438, 1439 n [3d Dept 2016]).

Footnote 3: Contrary to the father's contention, we find that Family Court did in fact take judicial notice, upon the father's own request, of the various orders involving his other children, which reflected the ongoing hygienic issues existing in his home, and that the court could properly consider those orders as an exercise of its discretion (see generally Matter of Jase M. [Holly N.], 190 AD3d 1238, 1242 [3d Dept 2021], lvs denied 37 NY3d 901 [2021]; Matter of Chasity CC. v Frederick DD., 165 AD3d 1412, 1415 n 2 [3d Dept 2018]).

Footnote 4: Family Court also heard a report from a social worker affiliated with the attorney for the child, who advised the court that she had conducted a home visit at a residence that the father managed and identified as a potential location for overnight visitation. According to the social worker, the home environment was unsuitable for such purposes, as it was currently rented out by several adult individuals who were unaware that a child may be present, and the social worker further observed an odor of marihuana when she arrived at the home.