Matter of Kody O. v Maya P. (2024 NY Slip Op 02563)

Matter of Kody O. v Maya P.

2024 NY Slip Op 02563

Decided on May 9, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 9, 2024

536134
[*1]In the Matter of Kody O., Appellant,
v
Maya P., Respondent. (And Another Related Proceeding.)

Calendar Date:March 25, 2024

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Michelle I. Rosien, Philmont, for respondent.
Natalie B. Miner, Homer, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Cortland County (David C. Alexander, J.), entered August 12, 2022, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2020). The mother moved out of the parties' apartment after their relationship ended in October 2021, and she and the father informally agreed to care for the child on alternate days. The father commenced the first of these proceedings in January 2022 to obtain an order establishing a set schedule for parenting time. The mother, in turn, cross-petitioned for sole legal and primary physical custody of the child.
Following a fact-finding hearing, Family Court determined that the best interests of the child would be furthered by awarding the mother sole legal custody and primary physical placement. Family Court granted the father parenting time that included alternate weekends, specified weeknights and holidays, two weeks of summer vacation, half of all school breaks, and any other times agreeable to both parties. The father appeals.
We affirm. Family Court is obliged to assess the best interests of the child in an initial custody determination, and it does so by evaluating a variety of factors, including the past performance of each parent, his or her ability to maintain a stable home environment and provide for the child's overall well-being, and his or her willingness to encourage a positive relationship between the child and the other parent (see Daryl N. v Amy O., 222 AD3d 1054, 1055 [3d Dept 2023]; Matter of Warda NN. v Muhammad OO., 217 AD3d 1086, 1087-1088 [3d Dept 2023]). The credibility assessments and factual findings of Family Court are entitled to great deference, and we will not disturb its custody determination so long as it is supported by a sound and substantial basis in the record (see Matter of Justin K. v Jutonynea L., 221 AD3d 1335, 1336 [3d Dept 2023]; Matter of Warda NN. v Muhammad OO., 217 AD3d at 1087-1088).
Family Court heard the testimony of the parents at the fact-finding hearing, and we agree with its assessment that they were "both very nice, responsible, hardworking, and loving parents" who wanted each other to be in the child's life going forward. The record nevertheless reflects that the mother, who stayed at home to care for the child from the time of his birth in January 2020 until she went to work in December 2021, had been the primary caretaker for most of the child's life. There was no suggestion, aside from the father's vague claim that there were reasons for concern about the daycare provider that she used, that the mother failed to provide appropriate care for the child. In contrast, Family Court credited the mother's testimony, supported by photographic evidence, that the father's residence was less appropriate for the child in that his housekeeping [*2]skills left much to be desired and the child was often unbathed and wearing dirty clothes after periods of parenting time with him. The evidence also demonstrated that, although the parents did communicate with one another regarding the child, they were unable to agree on key aspects of the child's care, including his medical care and the issue of who would care for him while the mother, in particular, was working. It is also notable, although not determinative, that the attorney for the child at trial advocated for an award of sole legal and physical custody to the mother (see Matter of Misty PP. v Charles PP., 206 AD3d 1532, 1533-1534 [3d Dept 2022]; Matter of Normile v Stalker, 140 AD3d 1233, 1235 [3d Dept 2016]). In view of the foregoing, and deferring to the credibility determinations of Family Court, we perceive a sound and substantial basis in the record for Family Court's decision to award sole legal and primary physical custody to the mother and parenting time to the father (see Matter of Amanda YY. v Ramon ZZ., 167 AD3d 1260, 1262-1263 [3d Dept 2018]; Matter of Davis v Church, 162 AD3d 1160, 1161 [3d Dept 2018], lvs denied 32 NY3d 905 [2018], 32 NY3d 906 [2018]; Matter of Smithey v McAbier, 144 AD3d 1425, 1426 [3d Dept 2016]).
Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.